IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHN DOE 1, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CASE NO. 2:15-CV-606-WKW |
| ) | [WO] |
| LUTHER STRANGE, III, ) | |
| Attorney General of the State of ) | |
| Alabama in his official capacity, *et* ) | |
| *al.*, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiffs' Supplemental Motion and Brief to Proceed Anonymously. (Doc. # 41.)  Defendants filed a response (Doc. # 45), which incorporates their earlier arguments (Doc. # 28) in response to Plaintiffs' initial motion to proceed anonymously (Doc. # 2).  Upon consideration of the parties' arguments and the relevant authority, Plaintiffs' motion will be granted.

### I.  LEGAL STANDARD

Ordinarily, litigants must disclose their identities when they initiate civil proceedings in federal court. Fed. R. Civ. P. 10(a).  Where party can demonstrate that his substantial privacy right outweighs the presumption of open judicial proceedings, however, he may proceed anonymously.  *Plaintiff B v. Francis*, 631 F.3d 1310, 1315–16 (11th Cir. 2011).   Resolving a motion to proceed

anonymously requires examination of all the circumstances surrounding the case. *Id.* at 1316. The court should consider, among other things, (1) whether the plaintiffs are seeking anonymity challenging governmental activity, (2) whether the plaintiffs will be required to disclose information of the utmost intimacy, and (3) whether the plaintiffs will be compelled to admit that they intend to engage in illegal conduct. *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992) (citing *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712 (5th Cir. 1979)).

## II.  DISCUSSION

A full treatment of circumstances giving rise to this case and the claims being raised can be found in the court's recent memorandum opinion and order granting in part and denying in part Defendants' motion to dismiss. (Doc. # 51.) Briefly, this action presents constitutional challenges to the Alabama Sex Offender Registration and Community Notification Act ("ASORCNA"). The legal principles governing Plaintiffs' request will be applied to the particular circumstances of the case. The traditional factors restated in *Frank* will first be addressed. 951 F.2d at 323. Additional factors germane to the case will also be considered. Plaintiffs are ultimately entitled to proceed anonymously.

First, Plaintiffs are challenging governmental activity. Specifically, Plaintiffs have challenged Alabama's implementation and enforcement of

ASORCNA's residency, employment, and identification restrictions. But the significance of this fact should not be overstated. Where the plaintiffs bring an action against private individuals, the defendants' interest in identifying the plaintiffs carries more weight. *Wynne & Jaffe*, 599 F.2d at 713. This does not mean, however, that the fact the challenged activity is attributable to the government necessarily puts a thumb on the scale in favor of anonymity. *Frank*, 951 F.2d at 324 ("[T]he fact that Doe is suing the Postal Service does not weigh in favor of granting Doe's request for anonymity."). That Plaintiffs are challenging governmental action here merely means that Defendants do not operate under the same threat of reputational damage that private defendants face. *See id.*

Second, counseling in favor of anonymity is the fact that Plaintiffs will be required to disclose some intimate information. It is true, as Defendants contend, that ASORCNA registrant information is widely available to the public. *See* Ala. Code § 15-20A-8. According to Defendants, the fact that Plaintiffs' information is already available means that they have no privacy interest in protecting their identities in relation to this suit. What Defendants fail to appreciate, however, is the station this public information occupies in the context of this lawsuit. As anonymous litigants, Plaintiffs will be able to proceed with their challenge free from fear that members of the general public will use the ASORCNA database to track them down individually. Though their information is generally available via

3

the ASORCNA public registry, the general public is currently unable to identify the particular registrants who brought this action challenging the statutory scheme.

Citing hostility toward sex offenders,[1] Plaintiffs contend that they fear that members of the public might seek to retaliate against them for bringing this action. If they are forced to disclose their names in connection with this action, Plaintiffs would reveal more than the information that is already available via the registry. They would be forced to publicly identify themselves as the particular ASORCNA registrants challenging the statutory scheme, allowing those citizens who would do harm to put names with faces and addresses. *See id.* (providing that registrants must disclose names, addresses, license plate numbers, photographs, physical descriptions, and criminal histories). It is one thing to leave the public guessing as to which registrants dared to challenge a popular statutory scheme by bringing this suit. It is quite another thing to point the public to intimate information they otherwise would not be able to associate with the litigants in this suit. In this

---

[1] In their motion, Plaintiffs offered evidence of animosity toward sex offenders by way of online newspaper articles and public comments to one of the articles. (*See* Doc. # 41, at 3.) Defendants object that this evidence is hearsay, but then attempt to rebut it by reference to other online newspaper articles and related comments, which are also hearsay. (*See* Doc. # 28, at 12.) Regardless of whether either party has evidence to prove that sex offenders face animosity from the general public, in light of the fact that the ASORCNA registry mines a substantial amount of personal data, Plaintiffs have legitimate concerns that revealing their identities will open them to the risk of "harassment and vigilantism." (Doc. # 41, at 4.)

These concerns cannot be dismissed as unfounded, especially when considered in conjunction with the substantial social stigma associated with sex offender status. ASORCNA stigmatizes registrants by its own terms, requiring them to carry branded identification cards holding them out to the public as "criminal sex offenders." *See* Ala. Code § 15-20A-18; *McGuire v. Strange*, 83 F. Supp. 3d 1231, 1253–54 (M.D. Ala. 2015) (describing the humiliation associated with presentation of ASORCNA's branded identification in public settings).

sense, denying the relief Plaintiffs request forces them to disclose intimate information. *See Frank*, 951 F.3d at 324.

Third, weighing in favor of anonymity is the fact that Plaintiffs may be compelled to admit their intention to engage in illegal activity. As part of Plaintiffs' claims, they allege that ASORCNA is unconstitutionally vague. They are unsure, under the language of various ASORCNA provisions, whether certain activities in which they would like to engage are in fact prohibited. By revealing their identities, Plaintiffs make themselves vulnerable to criminal prosecution for activities in which they have expressed interest in engaging. And ASORCNA's provisions are enforceable under penalty of felony conviction. *See, e.g.,* Ala. Code § 15-20A-13(g). Because Plaintiffs have alleged that they would like to engage in certain behaviors that may be considered proscribed under ASORCNA's vague provisions, they would benefit from being allowed to proceed anonymously in this case. *See Frank*, 951 F.3d at 324.

Fourth, certain additional circumstances counsel in favor of allowing Plaintiffs to proceed anonymously. By virtue of their ASORCNA registrant status, Plaintiffs experience difficulty securing places of residency and employment opportunities. Having their identities revealed in connection with this litigation could exacerbate these already serious issues. Plaintiffs further note the stigma associated with ASORCNA registrant status, a stigma that ventures beyond the

5

realm of mere personal embarrassment. *See id.* (noting that courts have permitted plaintiffs to proceed anonymously in cases involving stigmatic issues such as mental illness, homosexuality, and transsexuality).

Finally, granting the relief Plaintiffs request will not be unfair to Defendants. In their motion, Plaintiffs represent that they are willing to disclose their names to Defendants so long as documents containing this information are filed under seal. A protective order allowing Defendants to access this information without disseminating it publicly or publicly associating the information with the particular offender will protect Plaintiffs' substantial privacy interests while allowing Defendants to efficiently defend against Plaintiffs' claims.

Based on all the circumstances, the court finds that Plaintiffs' substantial privacy right outweighs the presumption of open judicial proceedings. *Francis*, 631 F.3d at 1315–16. Plaintiffs' motion will be granted, and the parties will be afforded an opportunity to fashion an appropriate protective order in accordance with Rule 26(c) of the Federal Rules of Civil Procedure.

### III. CONCLUSION

Accordingly, it is ORDERED that Plaintiffs' motion to proceed anonymously (Doc. # 41) is GRANTED to the extent that Plaintiffs may withhold their true identities from the public and proceed with their claims as John Doe 1, John Doe 3, John Doe 7, and John Doe 9. It is further ORDERED that Plaintiffs'

initial motion to proceed anonymously (Doc. # 2) is DENIED as moot. The parties are DIRECTED to confer and, if possible, file a joint motion for protective order that satisfies Plaintiffs' confidentiality concerns.

DONE this 24th day of March, 2016.

                                          /s/ W. Keith Watkins
                              CHIEF UNITED STATES DISTRICT JUDGE