IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHN DOE 1, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CASE NO. 2:15-CV-606-WKW |
| ) | |
| LUTHER STRANGE, III, ) | |
| Attorney General of the State of ) | |
| Alabama in his official capacity, *et* ) | |
| *al.*, ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

Before the court is Plaintiffs' Motion for Leave to File Second Amended Complaint (Doc. # 67), which has been fully briefed (Docs. # 75 and 76).[1] The motion is due to be granted.

Where a plaintiff moves to file an amended complaint, the court should "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). There are certain circumstances under which the district court need not allow an amendment: (1) where the moving party has engaged in bad faith or caused undue delay; (2) where

---

[1] Defendants also filed a motion requesting oral argument, or, in the alternative, leave to file a surreply. (*See* Doc. # 77.) Any further briefing on the issue is unnecessary; it is clear that the underlying facts or circumstances relied upon in the proposed amended complaint may be a proper subject of relief. To the extent that Defendants wish to challenge the facial plausibility of Plaintiffs' claims, they may do so by appropriate motion after Plaintiffs file their amended pleading.

the nonmoving party would suffer undue prejudice as a result of the amendment; or (3) where the amendment would be futile. *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005). With respect to the potential futility of amendment, the court should grant leave if "the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief." *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262 (11th Cir. 2004) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Upon consideration of the proposed amended pleading and the arguments of counsel, the court finds that the underlying facts or circumstances relied upon in the proposed second amended complaint may be a proper subject of relief. *See Hall*, 367 F.3d at 1262. The court also finds that Plaintiffs have acted in good faith and that Defendants will suffer no undue prejudice as a result of the amendment.[2] *See Corsello*, 428 F.3d at 1014. Accordingly, it is ORDERED that Plaintiffs' Motion

---

[2] In their opposition to Plaintiffs' motion to file an amended pleading, Defendants chiefly rely on the theory that the proposed amendments would be futile. Curiously, Defendants also contend that any proposed amendments they did not address in their response should be disallowed. They characterize the proposed amendments as substantial and argue that if a proposed amendment was not addressed in their response, it was because their counsel "did not notice it amongst the numerous other proposed amendments." (Doc. # 75, at 3.) Defendants further argue that allowing these unaddressed amendments to go forward would result in undue prejudice. (Doc. # 75, at 3 (quoting *Corsello*, 428 F.3d at 1014).)

The *Corsello* court did identify the grounds upon which a district court may deny a motion for leave to amend the pleadings, one of which is undue prejudice to the defendants. *Corsello* does not stand for the proposition, however, that the moving party should be denied leave to amend simply because the defendants are unwilling to devote the time or resources necessary to identify all of the proposed amendments to which they object. Abdication of the adversarial role can hardly be characterized as a source of undue prejudice. Nor is it an appropriate ground for rejecting Plaintiffs' proposed amendments.

for Leave to File Second Amended Complaint (Doc. # 67) is GRANTED.  It is further ORDERED as follows:

1. On or before **August 22, 2016**, Plaintiffs shall file an amended complaint that complies with the Middle District of Alabama's Local Rule 15.1. *See* M.D. Ala. L.R. 15.1 ("Any amendment to a pleading, document or other papers, whether filed as a matter of course or upon a motion to amend, must, except by leave of court, reproduce the entire pleading, document or other papers as amended, and may not incorporate any prior pleading, document or other papers by reference.").

2. Defendants shall file their responsive pleading on or before **September 12, 2016**.

3. Defendants' Motion to Hold Oral Argument (Doc. # 77) is DENIED.

4. The parties shall confer and file an amended Rule 26(f) report, which shall contain the revised discovery plan and proposed revised scheduling dates, as soon as practicable but not later than **October 3, 2016**.  Dispositive motions shall be filed no later than 180 days prior to the pretrial conference date.  If the parties seek to vary from that schedule, they should present, in the plan, specific case-related reasons for the requested variance.  In their amended Rule 26(f) report, however, the parties should assume that the 180-day requirement will apply.

It is also the policy of this district that Rule 26(a)(3) witness list exchange (§ 9 Uniform Scheduling Order ("USO")), deposition designations (§ 10 USO), and

exchange of trial exhibits and evidence (§ 11 USO) occur no later than 42 days prior to trial, to allow appropriate time for filing and resolution of objections and motions related thereto. The parties may agree to earlier deadlines, but later deadlines ordinarily will not be allowed.

This case will be set for trial before the undersigned judge during one of that judge's regularly scheduled civil trial terms, within 14 to 16 months of this order if a term is available and, if not available, then as soon as possible thereafter. The pretrial date is normally set within four to six weeks of a scheduled trial term. The dates of each judge's civil trial terms are available on the court's website located at http://www.almd.uscourts.gov. Trial terms are subject to change in the event the case is assigned to a visiting judge.

The amended scheduling order entered by the court will follow the form of the Uniform Scheduling Order adopted by the court. The court may or may not hold a scheduling conference before issuing a scheduling order. The Uniform Scheduling Order is also available on the court's website.

DONE this 17th day of August, 2016.

                                         /s/ W. Keith Watkins
                              CHIEF UNITED STATES DISTRICT JUDGE