IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JOHN DOE #1, JOHN DOE #3, JOHN DOE #7, JOHN DOE # 9, and JOHN DOE #10, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CASE NO. 2:15-CV-606-WKW |
| STEVEN T. MARSHALL, Attorney General of the State of Alabama, in his official capacity; CHARLES WARD, Director of the Alabama Department of Public Safety, in his official capacity; and HAL TAYLOR, Secretary of the Alabama Law Enforcement Agency, in his official capacity, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiffs' Motion for Leave to File Supplement to Second Amended Complaint (*see* Docs. # 132 & 134-1), which has been fully briefed (Docs. # 135 & 136). The motion is due to be granted in part and denied in part.

### I. BACKGROUND

This is a case challenging the constitutionality of various provisions of the Alabama Sex Offender Registration and Community Notification Act

("ASORCNA," or the "Act"), Ala. Code § 15-20A-1 *et seq.* A more robust recap can be found in the court's most recent memorandum opinion and order on Defendants' motion to dismiss. (Doc. # 125.) For now, a brief overview of the case's procedural history will be sufficient.

Plaintiffs filed their initial Complaint on August 20, 2015. (Doc. # 1.) That complaint was amended with the court's permission on November 18, 2015. (Doc. # 39.) Defendants moved to dismiss for failure to state a claim, and the court granted that motion in part and denied it in part on March 18, 2016. (Doc. # 51.) Then came another motion to amend the complaint — granted by the court on August 17, 2016 (Doc. # 80) — and another motion to dismiss (Doc. # 87). Before that motion could be ruled on, the Alabama legislature passed Alabama Act No. 2017-414 (the "Amendment"), which revised many of the challenged ASORCNA provisions. Supplemental briefing on the impact of those amendments was then ordered (*see* Docs. # 110, 113, & 114), and on March 14, 2018, the court granted in part and denied in part the motion to dismiss. (Doc. # 125.) Plaintiffs' motion for leave to file a third amended complaint was also denied without prejudice at that time.

When all that was said and done, Plaintiffs' six counts in their second amended complaint were reduced to four: a challenge to ASORCNA's residency restrictions based on a due process right to intimate association (Count I); a due

process vagueness challenge to ASORCNA's employment exclusion zones (the surviving claim of Count III); a First Amendment compelled-speech challenge to ASORCNA's branded-identification requirement (Count IV); and a First Amendment overbreadth challenge to ASORCNA's internet reporting requirements (Count V). Dismissed without prejudice were Plaintiffs' due process challenge based on an irrebuttable presumption of dangerousness (Count II), their vagueness challenge to residency exclusion zones and certain reporting requirements (two of the three claims brought under Count III), and their 42 U.S.C. § 1983 individual-capacity claims against the officers responsible for the implementation of ASORCNA's branded-identification requirement (Count VI).

Plaintiffs now "seek to supplement their complaint to reflect the passage and implementation of Alabama Act No. 2017-414." (Doc. # 132, at 1.)

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 15(d) provides:

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

Courts generally agree that leave to file a supplemental pleading "should be freely granted when doing so will promote the economic and speedy disposition of

3

the entire controversy between the parties, will not cause undue delay or trial inconvenience, and will not prejudice the rights of any of the other parties to the action." 6A Charles Alan Wright & Arthur R. Miller *et al.*, *Federal Practice and Procedure* § 1504 (3d ed. 2018) (collecting cases). This is a similar standard to that used in determining whether to grant leave to amend pursuant to Rule 15(a)(2), with the notable exception being that any supplementation must be based on a "transaction, occurrence, or event that happened *after* the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d) (emphasis added). If a motion to supplement is based on events occurring *before* the pleading was filed, the court is free to construe it as a motion to amend. Aside from that, however, most other considerations are the same: "Would the supplementation be futile? Would a nonmovant be prejudiced? Has there been any unreasonable delay in presenting the supplementation? And would the supplementation facilitate the efficient resolution of current claims as well as any new ones?" *W. Ala. Women's Ctr. v. Miller*, 318 F.R.D. 143, 148 (M.D. Ala. 2016) (citations omitted); *cf. Foman v. Davis*, 371 U.S. 178, 182 (1962) (listing "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment" as factors to consider on a motion to amend).

# III. DISCUSSION

Generally stated, Plaintiffs seek to supplement their second amended complaint to:

- Add additional facts and plaintiffs to Count I's due process challenge to the Act's residency restrictions;

- Provide additional facts of arbitrary enforcement to re-plead Count III's dismissed challenge to ASORCNA's residency exclusion zones;

- Alter their legal theory and plead additional facts and parties to transform Count II's "irrebuttable presumption of dangerousness" due process challenge to a new Count VII "stigma plus" due process challenge; and

- Reframe their 42 U.S.C. § 1983 individual-capacity claims against state law enforcement officers from a First Amendment violation to a "stigma plus" due process violation.

(*See* Doc. # 134-1.)

Defendants oppose the motion on the grounds of futility, untimeliness, undue delay, and undue prejudice. (Doc. # 135, at 3.) Each proposed supplemental count will be considered in turn.

### A. Supplemental Count I: Due Process Familial Association Challenge to Residency Restrictions

In Plaintiffs' second amended complaint, Count I was brought as an as-applied challenge to ASORCNA's residency restrictions on behalf of Doe 3 and Doe 7 based on their fundamental right to intimate family associations. (Doc. # 81, at 45.) All parties concluded that the passage of Alabama Act No. 2017-414 did

not affect Plaintiffs' claims in Count 1, and, as noted above, Count I survived dismissal. (Doc. # 113, at 1; Doc. # 114, at 3; Doc. # 125, at 21.) Plaintiffs now seek to add two additional parties to Count I: Michael A. McGuire and Y.O. Doe. (Doc. # 134-1, at 24.)

Mr. McGuire's situation is well familiar to the court from his separate lawsuit challenging ASORCNA. *See McGuire v. Strange*, 83 F. Supp. 3d 1231 (M.D. Ala. 2015) (holding that ASORCNA's travel-permit requirement violated the Ex Post Facto Clause of the Constitution); *McGuire v. City of Montgomery*, No. 2:11-cv-1027-WKW, 2013 WL 1336882 (M.D. Ala. Mar. 29, 2013) (dismissing without prejudice all but one of Mr. McGuire's ASORCNA challenges). In their proposed supplemental complaint, Plaintiffs allege that Mr. McGuire "*continues* to suffer under the debilitating restrictions of ASORCNA," that he is "*still* unable to live with his wife, who lives in an ASORCNA residential zone of exclusion," and that he "*continues* to be restricted of spending time and overnight visits with his siblings and minor family members due to ASORCNA's residency restrictions and proscription on overnight visits with minors." (Doc. # 134-1, at 14 (emphasis added).)

If these unfortunate facts of life are "continuing," however, then they were not brought on by the passage of Alabama Act No. 2018-414 — the alleged "event that happened after the date of the pleading to be supplemented" that forms the

basis for Plaintiffs' *supplemental* complaint. *See* Fed. R. Civ. P. 15(d); (Doc. # 132, at 1 ("Plaintiffs seek to supplement their complaint to reflect the passage and implementation of Alabama Act No. 2017-414.")). Additionally, Mr. McGuire's objections to not being able to live with his wife or (since-deceased) mother have been heard before, and Plaintiffs provide no reason why what the court has already said is not still true: "No provision of Alabama's sex offender registration law prohibits [Mr. McGuire] from residing with his wife or his mother. To the extent the law inhibits [him] from doing these things, it does so only because the address at which Plaintiff desires to live with his wife and his mother is not a compliant address." *McGuire*, 2013 WL 1336882, at *11. It would be futile to allow Mr. McGuire to resurrect claims the court has already dismissed when he has not alleged facts purporting to show that this time things will be different.

And then there is the matter of delay. Even if the court considered the alleged continuing violations as themselves constituting supplemental events (or construed the motion as one to amend rather than supplement), and even if Mr. McGuire had not brought these claims before, Plaintiffs are silent about why they

have waited two years to bring them in this case.[1] For all these reasons, Plaintiffs will not be allowed to add Mr. McGuire's claims to Count I.

The other proposed additional plaintiff, Y.O. Doe, entered a "best interest plea" when he was eighteen and was adjudicated as a youthful offender for sexual abuse and electronic solicitation of a minor. (Doc. # 134-1, at 19.) Though he was adjudicated as a minor, he must now abide by all of ASORCNA's life-long restrictions, and his information appears as part of the published sex offender registry. *See* Ala. Code § 15-20A-35. As pertinent to Count I, Y.O. Doe's relatives live within ASORCNA's zones of exclusion, and many of them have children or grandchildren living in their homes that prohibit Y.O. Doe from living there. (Doc. # 134-1, at 24.)

These facts are also not based on the passage of Alabama Act No. 2017-414, and Plaintiffs do not explain their delay in alleging them after two and a half years of litigation have already passed. Allowing supplementation now would not facilitate the efficient resolution of Count I.

B. **Supplemental Count III: Due Process Vagueness Challenge to Residency Restrictions**

In dismissing Plaintiffs' vagueness challenge to ASORCNA's residency restrictions, the court found that the Amendment's preapproval provision

---

[1] Plaintiffs initially moved to add Mr. McGuire as a party on August 1, 2017, in their Motion for Leave to File Third Amended Complaint — slightly less than two years from the date the initial complaint was filed. (Doc. # 118.)

"pushe[d] the law across the constitutional line" because it "helps protect against the uneven application of the law." (Doc. # 125, at 27–28.) The court explained, however, that the dismissal would be without prejudice "so that Plaintiffs can re-plead their claim if these uneven enforcement practices have persisted past the Amendment's effective date of August 1, 2017." (Doc. # 125, at 28 n.13.)

Plaintiffs now seek to revive this claim and allege that "[s]ince August 1, 2017, the residency restrictions of ASORCNA . . . have been enforced in a shockingly arbitrary and nonsensical manner by local law enforcement." (Doc. # 134-1, at 2.) They allege that some ASORCNA registrants have received written approval from local law enforcement agencies to live in non-compliant residency zones and that different law enforcement agencies regularly enforce the restrictions differently. (Doc. # 134-1, at 2–4.) While Defendants recognize the "inconsistent" enforcement practices, they contend that they are "not the result of any vagueness in the statute" and thus are irrelevant to Plaintiffs' facial challenge. (Doc. # 135, at 10.) They also assert that discovery on the issue would be unduly prejudicial.

Without deciding the merits of the claim, though, it is too early to tell whether the uneven enforcement practices derive from vagueness in the amended statute. For now it is enough that Plaintiffs have alleged facts showing that uneven enforcement practices have persisted despite the passage of Alabama Act No. 2017-414 and that the Amendment's implementation itself may be causing

registrants confusion in determining where they may lawfully reside. Accordingly, Plaintiffs will be allowed to supplement their complaint as to Count III.

C. **<u>Supplemental Count VII: Due Process "Stigma Plus" Challenge</u>**

Plaintiffs allege in Supplemental Count VII that a range of ASORCNA provisions infringe on their recognized liberty interests, that they do so without any kind of individual assessment, and that they thus fail Fourteenth Amendment "stigma plus" analysis. (Doc. # 134-1, at 31.) The "stigma plus" line of cases establishes that a procedural due process violation can occur when the government publicly defames an individual, the defamation places a stigma on the person's reputation, and that stigma results in the loss of a tangible liberty interest. *See generally Paul v. Davis*, 424 U.S. 693, 701 (1976).

Plaintiffs brought a similar challenge in Count II of their second amended complaint. They argued then that ASORCNA violated their due process rights by categorically deeming all registrants to "pose recidivist threats of committing sexual crimes against children" without providing a way for an individual to rebut that presumption. (Doc. # 81, at 47.) The court dismissed the challenge because "the question of [ASORCNA's] applicability turns solely on conviction of a sex crime," which the convicted offender already had a procedurally safeguarded opportunity to contest. (Doc. # 125, at 24.)

The liberty interests Plaintiffs now assert, and the specific ASORCNA provisions they challenge, largely replicate those of the prior iteration. (*Compare* Doc. # 81, at 47–48, *with* Doc. # 134-1, at 31–32.) The main exception is that Plaintiffs now also challenge the application of ASORCNA to "persons who were never convicted of crimes (*i.e.*, Youthful Offender *adjudications*)," and thus seek to incorporate Y.O. Doe as an additional plaintiff. (Doc. # 134-1, at 31.) But a change in legal theory is not the kind of "transaction, occurrence, or event that happened after the date of the pleading" that allows for supplementation under Rule 15(d). Nor have Plaintiffs explained why they have delayed so long in bringing these claims to permit amendment pursuant to Rule 15(a)(2). Defendants have been defending this action for two and a half years. Allowing a claim to be added now that could have been brought from day one would prejudice Defendants and result in further delay. Accordingly, it will not be allowed as to Count VII.

**D.      Supplemental Count VIII: 42 U.S.C. § 1983 Individual Liability Claims**

In Supplemental Count VIII, Plaintiffs seek to add as defendants in their individual capacities the law enforcement officers responsible for implementing ASORCNA's branded-identification requirements. (Doc. # 134-1, at 32.) As with Supplemental Count VII, though, the main difference between their claim now and the similar one brought in their second amended complaint is a change in legal theory: In the prior version, the law enforcement officers were alleged to have

11

violated Plaintiffs' First Amendment rights, while now they are alleged to have violated Plaintiffs' due process rights. For the same reasons explained above, Plaintiffs will not be able to amend their complaint as to Count VIII at this late hour.

## IV. CONCLUSION

It is ORDERED that Plaintiffs' Motion to File Supplement to Second Amended Complaint (Doc. # 132) is GRANTED in part and DENIED in part. It is further ORDERED as follows:

1. Plaintiffs' motion to supplement is GRANTED only as to the proposed supplement to Count III. Accordingly, Plaintiffs may supplement their second amended complaint with paragraphs 7–15 and 140–142 of their proposed supplemental complaint. (Doc. # 134-1.)

2. Plaintiffs' motion to supplement is DENIED in all other respects.

3. Plaintiffs shall file a revised second amended complaint **on or before [14 days]**. The revised second amended complaint should show the second amended complaint as it exists now — *i.e.*, incorporating as needed Alabama Act No. 2017-414, the court's ruling on Defendants' motion to dismiss (Doc. # 125), and the court's ruling in this Order.

DONE this 12th day of June, 2018.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE