IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **JOHN DOES #1 et al.,** | ) |
| *Plaintiffs*, | ) |
| v. | ) Case No. 2:15-cv-606-WKW |
| **STEVEN T. MARSHALL, et al.,** | ) |
| *Defendants*. | ) |

### PLAINTIFFS' BRIEF IN SUPPORT OF
### MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiffs respectfully submit this brief in support of their motion for partial summary judgment. Plaintiffs seek a judgment including declaratory relief in their favor, on those aspects of Counts 1, 3 (as to employment), 4, and 5 that the Court has allowed to proceed.

This motion assumes familiarity with the Court's prior rulings (Doc. 51, Doc. 125) on motions to dismiss. This Court has set out its understanding of the statute in question, its understanding of the relevant constitutional doctrines, and its understanding of how those constitutional doctrines likely apply to the statute. Plaintiffs will not repeat back, to the Court, all that the Court has said in those rulings. Nor will Plaintiffs repeat all of their own prior arguments, though Plaintiffs stand by them.

1

As shown below, this Court's prior rulings have put the case into a position where the defendants have the burden of proof on the dispositive issues – on things such as strict scrutiny, narrow tailoring, and the like. *Parker v. Judicial Inquiry Comm'n of Ala.*, 295 F. Supp. 3d 1292, 1302 (M.D. Ala. 2018) (strict scrutiny, burden is on government); *id.* at 1307 (narrow tailoring, burden is on government). That burden of proof is applicable on summary judgment. *See*, *e.g.*, *Bazemore v. Jefferson Capital Sys.*, LLC, 827 F.3d 1325, 1334 (11th Cir. 2016) (summary judgment appropriate against defendant who bears burden on dispositive issue and cannot adduce evidence sufficient to meet that burden). Because the defendants will not be able to satisfy their burden, summary judgment for Plaintiffs – along with appropriate declaratory relief – is warranted.

1. <u>Count One: residency restriction, interfering with Due Process intimate family association</u>

Count One is a challenge to the residency restriction in Ala. Code § 15A-20-11(d), as that restriction unduly interfere with affected persons' right to intimate family association. The Court has allowed Plaintiffs Doe 3 and Doe 7 to pursue that claim. The Court has indicated that, on the allegations of the complaint, the statute burdens a fundamental right; and the Court has indicated that the inquiry will be whether the statute is narrowly tailored to serve a compelling state interest especially in light of the

fact that the statute applies regardless of whether the sex offender victimized a minor child. (Doc. 51, pp. 33-39, Doc. 125, pp. 17-21).

Plaintiffs Doe 3 and Doe 7 have shown by evidence, and not just allegation, that the statute does indeed interfere with their familial associations. *See* doc. 138 ¶¶ 162, 167, (Messers Doe # 3 and 7, detailing their inability to live with loved ones, due to ASORCNA "living with minors" prohibition.); *see also*, Exhibits A-D, submitted **under seal** (Affidavits of the niece of Mr. Doe # 3 and, the sister, niece and nephew of Mr. Doe # 7, detailing their desire for their loved ones to live in their homes, but being prohibited from doing so due to § 15-20A-11(d).). And the evidence is that their offenses, on account of which they are subject to this state law, had nothing to do with any minor. *See e.g.*, doc. 138 ¶¶ 74, 147, 261, 332. Nor is there any other reason to suspect that they – or others who have never sexually victimized a minor – are inherently likely to victimize a minor in the future.

Defendants will not be able to succeed in showing that the statute is narrowly tailored to serve a compelling state interest, especially insofar as it affects people like Doe #3 and Doe #7, whose offenses had no child victims. While protecting children from sexual abuse is a compelling state interest, the statute is not narrowly tailored to achieve that interest without undue burden on the right to intimate family association. For instance, there is no reason to believe that the statute would not equally well

protect children if it allowed a registrant to live with a minor family member other than his own child, subject to the same exceptions in § 15-20A-11(d)(2) to (d)(5).

The Court should therefore render judgment in favor of Doe #3 and Doe #7 on this Count, declaring that Alabama cannot constitutionally forbid them from living with family members (including those with minor children) who want to live with them in turn.

2.      Count Three: vagueness (as to employment-location zones of exclusion)

Count Three is, in part, a vagueness challenge to the employment-location zones of exclusion of Ala. Code § 15A-20-13 and related provisions. This Court discussed this challenge in Doc. 125, pp. 28-29, stating among other things: "Despite its refined statutory definitions, *see* Ala. Code § 15-20A-4, ASORCNA still fails to put ordinary people on notice of the extent or effect of the employment exclusion zones. … Without a safe-harbor provision or a publicly available land-use database, registrants can only guess at whether their place of employment falls within a zone of exclusion." *Id.*, p. 28. "[T]he employment restriction remains confoundingly opaque. For example, the law offers no guidance whatsoever for registrants whose employer is located in a compliant zone, but who have to perform service calls or other intermittent work in zones of exclusion." *Id.*, p. 29. Defendants will not be able to demonstrate that the Court's assessment of the statute was in error, or that anything has changed since the Court described the employment restriction (the violation of which can be prosecuted

as a felony) as "confoundingly opaque." Therefore summary judgment is appropriate on this aspect of the case, along with a declaration that the employment restriction is unconstitutionally vague and cannot be enforced in present form.

Count Three also now includes an arbitrary-enforcement component as to the residency restriction. Plaintiffs are not seeking summary judgment on that aspect of the case at this time.

3.   Count Four: compelled speech and the First Amendment

Count Four is a First Amendment challenge to the compelled speech of announcing one's status as a "sex offender" on his driver's license. This Court addressed Count Four in Doc. 125 (pp. 33-38) and Doc. 51 (pp. 43-48), recognizing that the State is compelling speech – and humiliating speech, at that.

There are no disputed facts upon which Plaintiffs bear the burden of proof, to establish that the law does indeed constitute compelled speech. As additional proof of the humiliating nature of the speech that the State has compelled – a bold brand of "CRIMINAL SEX OFFENDER" - *see* doc. 51 at 45-45 n. 9 (describing in detail the experience of a registrant (Michael A. McGuire) when presenting his branded identification.).

What remained theoretically open for factual development, after the Court's decision in Doc. 125, was whether the statute as amended was sufficiently narrowly tailored to pass muster. (Doc. 125, pp. 37-38 & n.16). The relevant factual

5

development is that State officials have now admitted that they *could* issue an administrative ruling that the required mark on the driver's license would only be a much more discreet single letter that law enforcement would recognize. Both Secretary Stan Stabler and Col. John Richardson acknowledged in deposition that they, as the officials with sole discretion to choose the designation branded on ASORCNA registrants' identification, could have chosen to place a single letter designation on registrant identification to accomplish the purpose (Ala. Code § 15-20-A-18(b)) of the Alabama legislature—to "allow[] officers to identify registrants as sex offenders". Exhibit E at 9-10[1]; Exhibit F at 10-11[2]. They have chosen not to do so.

As this Court suggested in Doc. 125, pp. 37 n. 16, requiring that a driver's license carry such a single letter code, known to law enforcement, would be a more narrowly-tailored way of accomplishing the state's legitimate goal without compelling

---

[1] **Question**: … [I]s there a single letter that you can designate or is there a rule that you can promulgate that says I'd like a single letter placed on the driver's license so that officers can identify these registrants of ASORCNA as sex offenders? … Can you do that?

**Secretary Stabler Answer:** According to the rules, yes, I could do that.

**Question:** Okay. Have you done that?

**Secretary Stabler Answer:** No, I have not.

[2] **Question**: And you would agree with me, would you not, Colonel Richardson, that's – a single letter is a viable alternative to printing "criminal sex offender" as a designation on registrants of ASORCNA's identification, would you not?

**Colonel Richardson Answer:** It would be an option.

as much speech. Defendants now have the opportunity to try once again to carry their burden of proof of justifying the compelled speech of "CRIMINAL SEX OFFENDER" on summary judgment. But for reasons already explained by the Court, they will not be able to meet that burden. The Court should enter declaratory judgment, declaring that the State's practice of requiring that verbal brand is unconstitutional compelled speech.

4.  Count Five: internet reporting and the First Amendment

Count Five is a First Amendment challenge to the statute's requirement that registrants must report substantial information as a precondition to being able to speak on the internet, including every username even if used for political speech and every ISP used even if it is used only in passing. Ala. Code § 15-20A-7(a)(9), (18). This Court addressed Count Five in Doc. 125 (pp. 38-50). The Court recognized the substantial burden on speech that arises from the statute's internet reporting requirement. *Id.*, pp. 39-40. The Court also recognized that the exemption for commercial transactions makes the statute content-based, and therefore particularly suspect under the Constitution. *Id.* The Court held that strict scrutiny applied. *Id.* pp. 41-42.

The Court, through extensive analysis, then went through strict scrutiny analysis and held that the complaint stated a claim on which relief could be granted; the Court indicated that the statute burdened too much protected speech with severe penalties

and opportunity for arbitrary enforcement. *Id.*, pp. 42-47. The Court also held in the alternative that the statute was not sufficiently narrowly tailored to survive intermediate scrutiny. *Id.* pp. 48-50.

Though the Court's conclusion was properly framed at that time on the motion-to-dismiss standard, nothing in the Court's analysis requires further proof from Plaintiffs at the summary judgment stage. The facts that make the statute subject to stringent First Amendment scrutiny are facts about the law itself and about its impact.

Defendants now have a chance on summary judgment to try to adduce evidence to meet their burden of saving the statute under this First Amendment scrutiny. But for reasons indicated by the Court in Doc. 125, they will not be able to succeed in that regard. Summary judgment is appropriate, with a declaration that this part of the statute is unconstitutional.

## Conclusion

Based on the foregoing, Plaintiffs respectfully request that this Court grant summary judgment and declaratory relief as requested herein on the earliest possible date.

Respectfully submitted this 20th day of June, 2018.

/s/ Joseph Mitchell McGuire
Bar No. ASB-8317-S69M
McGuire & Associates, LLC
31 Clayton Street
Montgomery, Alabama 36104
(334) 507-1000 phone

8

(334) 517-1327 fax  
jmcguire@mandabusinesslaw.com

## CERTIFICATE OF SERVICE

On June 20, 2018, I filed this document electronically with the Court's CM/ECF system which will serve the following counsel via e-mail:

Hon. Winfield J. Sinclair
Hon. Brad A. Chynoweth
Hon. James Houts
STATE OF ALABAMA
OFFICE OF THE ATTORNEY GENERAL
501Washington Avenue
Montgomery, Alabama 36130
(334) 242-7300
wsinclair@ago.state.al.us
bchynoweth@ago.state.al.us
**Counsel for Defendants Marshall,
and Taylor**

Hon. Timothy McCollum
Hon. J. Haran Lowe, Jr.
STAT E OF ALABAMA
DEPARTMENT OF PUBLIC SAFETY
P.O. Box 1511
Montgomery, AL 36102
(334) 242-4392
Lowelaw73@gmail.com
**Counsel for Defendants Taylor and Ward**

Respectfully submitted this 20th day of June, 2018.

*/s/ Joseph Mitchell McGuire*