EXHIBIT F

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF ALABAMA

NORTHERN DIVISION


JOHN DOE #1, et al.,

    Plaintiffs,


vs.     CIVIL ACTION NO. 2:15-CV-606-WKW


LUTHER STRANGE, III, et al.,

    Defendants.


\*   \*   \*   \*   \*   \*

DEPOSITION OF JOHN E. RICHARDSON,
taken pursuant to notice and stipulation
on behalf of the Plaintiffs, at The
Office of Attorney General, 501
Washington Avenue, Montgomery, Alabama,
before Bridgette Mitchell, Shorthand
Reporter and Notary Public in and for the
State of Alabama at Large, on December 7,
2016, commencing at 11:05 a.m.

JOHN E. RICHARDSON    12/7/2016

Page 2

1           APPEARANCES
2
3  FOR THE PLAINTIFFS:
    J. Mitch McGuire, Esquire
4  McGUIRE & ASSOCIATES
    31 Clayton Street
5  Montgomery, Alabama 36104
    334.517.1000
6  jmcguire@mandabusinesslaw.com
7
    FOR LUTHER STRANGE, STAN STABLER, and
8  JOHN RICHARDSON:
    William G. Parker, Jr., Esquire
9  Winfield J. Sinclair, Esquire
    STATE OF ALABAMA OFFICE OF THE
10 ATTORNEY GENERAL
    501 Washington Avenue
11 Montgomery, Alabama 36130
    334.242.7300
12 wparker@ago.state.al.us
    wsinclair@ago.state.al.us
13
14 Frank Timothy McCollum, Esquire
    STATE OF ALABAMA DEPARTMENT OF
15 PUBLIC SAFETY
    P.O. Box 1511
16 Montgomery, Alabama 36102
    334.242.4392
17 tim.mccollum@dps.alabama.gov
18
    ALSO PRESENT:
19 Paula Jordan
20
21
22
23

Page 3

1            STIPULATIONS
2       It is hereby stipulated and agreed
3  by and between counsel representing the
4  parties that the deposition of JOHN E.
5  RICHARDSON is taken pursuant to the
6  Federal Rules of Civil Procedure and that
7  said deposition may be taken before
8  Bridgette Mitchell, Shorthand Reporter
9  and Notary Public in and for the State of
10 Alabama at Large, without the formality
11 of a commission; that objections to
12 questions, other than objections as to
13 the form of the questions, need not be
14 made at this time, but may be reserved
15 for a ruling at such time as the
16 deposition may be offered in evidence or
17 used for any other purpose as provided
18 for by the Federal Rules of Civil
19 Procedure.
20      It is further stipulated and agreed
21 by and between counsel representing the
22 parties in this case that said deposition
23 may be introduced at the trial of this

Page 4

1  case or used in any other manner by
2  either party hereto provided for by the
3  Federal Rules of Civil Procedure.
4
5
6            INDEX
7
8  EXAMINATION              Page
    By Mr. McGuire.................... 7
9
10 EXHIBITS                 Page
    Plaintiffs' Exhibit 1.............. 4
11     Provisions of the Alabama Sex
       Offender Registration and
12     Community Notification Act
    Plaintiffs' Exhibit 3.............. 4
13     ALEA Driver Licenses - Classes
       Endorsements, and Restrictions
14
15
    (Plaintiff's Exhibit 1 and 3 were
16 marked for identification.)
17
18
19
20
21
22
23

Page 5

1       COURT REPORTER:  Usual
2  stipulations?
3       MR. McGUIRE:  Yes.
4       MR. PARKER:  Yes, ma'am.  And we
5  would like to reserve the right to read
6  and sign the transcript.
7       JOHN E. RICHARDSON, having first
8  been duly sworn or affirmed to speak the
9  truth, the whole truth, and nothing but
10 the truth, testified as follows:
11      MR. PARKER:  Mr. McGuire, before
12 we get started here, I just wanted to
13 raise a couple issues here real quick as
14 a preliminary matter.  As we've discussed
15 before this deposition, Colonel
16 Richardson's legal position is that he is
17 privileged from appearing at this
18 deposition at all under the high-ranking
19 government officials privilege.  And as
20 an accommodation to you and as an attempt
21 to advance the resolution of litigation,
22 we have agreed to appear here
23 voluntarily.  I understand that we would

                                    2 (Pages 2 to 5)

Page 6

1    limit this deposition.  I think we said
2    between two and two and a half hours.  We
3    appreciate your efforts in the last
4    deposition with Secretary Stabler to get
5    that through quickly and we hope that
6    will be the case here, but we wanted to
7    get that agreement on the record.
8       And we also want to say that we're
9    not -- by appearing here voluntarily, we
10   are not waiving our right to invoke the
11   privilege for high-ranking government
12   officials at any time.  Also related to
13   that, we wanted to just be clear that,
14   you know, if we get into legal questions,
15   particularly hypotheticals, any kind of
16   thing that resembles a law-school exam,
17   we'll just instruct the witness not to
18   answer and move on.  So thank you.
19       MR. McGUIRE:  Okay.  Thank you,
20   Mr. Parker.  And what I want to do is I'd
21   like to take this opportunity to kind of
22   clarify the plaintiffs' position not only
23   with Colonel Richardson but with

Page 7

1    Secretary Stabler.  It is our position
2    that it was not optional for them to be
3    here.  It is our position that they are
4    named defendants in this case and that
5    they were required to appear for the
6    deposition and that they have no immunity
7    from this suit or from being present at
8    this deposition as named defendants in
9    this case.  And with that, we'll begin.
10       EXAMINATION
11   BY MR. McGUIRE:
12   **Q. Good morning, Colonel Richardson.**
13   A. Good morning.
14   **Q. Would you state your name for the record,**
15   **please.**
16   A. John E. Richardson.
17   **Q. Colonel Richardson -- if you don't mind,**
18   **may I call you Colonel Richardson?**
19   A. Yes, sir.  That's fine.
20   **Q. Okay.  Where are you employed?**
21   A. For the Alabama Law Enforcement Agency.
22   **Q. Okay.  And is there a division of the**
23   **Alabama Law Enforcement Agency that you**

Page 8

1    **work for specifically?**
2    A. Yes, I do.  Department of public safety.
3    **Q. Okay.  And what is your title at the**
4    **department of public safety?**
5    A. Director.
6    **Q. Okay.  And so as director, are you the**
7    **highest-ranking official in the**
8    **department of public safety?**
9    A. In the department of public safety, yes,
10   sir.
11   **Q. Okay.  Good.  And does the department of**
12   **public safety and ultimately you make a**
13   **determination as to what designations go**
14   **on Alabama driver's licenses?**
15       MR. PARKER:  Object to the form.
16   A. No, sir.
17   **Q. Who makes the determination as to which**
18   **restrictions and endorsements go on the**
19   **Alabama driver's licenses and**
20   **identification cards?**
21       MR. PARKER:  Object to the form.
22   **Q. You may answer.**
23   A. That would be the director -- I'm

Page 9

1    sorry -- the secretary of law
2    enforcement.
3    **Q. Okay.  Now, would that have been**
4    **effective, to your knowledge,**
5    **September 1, 2015?**
6        MR. PARKER:  Object to the form.
7    A. Yes, sir.
8    **Q. Prior to September 1, 2015, who had**
9    **responsibility ultimately of determining**
10   **what endorsement and restrictions went on**
11   **Alabama driver's licenses and**
12   **identification cards?**
13       MR. PARKER:  Object to the form.
14   A. What was the date again, sir?
15   **Q. Prior to September 1, 2015.**
16   A. The secretary of law enforcement.
17   **Q. Who was the secretary of law enforcement**
18   **September 1, 2015?**
19   A. Spencer Collier.
20   **Q. Okay.  I'll ask you this way, Colonel**
21   **Richardson.  Did you ever have final**
22   **authority on what designations went on --**
23   **when I say "designations," I mean**

3 (Pages 6 to 9)

JOHN E. RICHARDSON    12/7/2016

Page 10

1  endorsements and restrictions that appear
2  on the driver's license and
3  identification cards of Alabama citizens.
4       MR. PARKER:  Object to the form.
5  A. Yes, sir.
6  Q. What dates were those?
7  A. July 1, 2014 to December 31, 2014.
8  Q. Okay.  Now, from July 1, 2014 through
9  December -- did you say 31st?
10 A. Yes, sir.
11 Q. Okay.  After -- after that, who was the
12 authority that I spoke of about
13 restrictions and endorsements on Alabama
14 driver's licenses and identification
15 cards, who was the authority -- who had
16 that authority after December 31st?
17 A. The secretary of law enforcement.
18 Q. And who was the secretary of law
19 enforcement at that time?
20 A. Spencer Collier.
21 Q. Spencer Collier?
22 A. Yes, sir.
23 Q. And Spencer Collier is no longer in

Page 11

1  office?
2  A. No, sir.
3  Q. Now, prior to July 1st of 2014, who had
4  the authority to determine what those
5  endorsements and restrictions would be on
6  Alabama -- Alabama driver's licenses and
7  identification cards?
8       MR. PARKER:  Object to the form.
9  Q. You may answer.
10 A. Colonel Hugh McCall.
11 Q. Colonel Hugh McCall.  Now, on July 1,
12 2014, Colonel Richardson, were you aware
13 of the designation that appeared on the
14 driver's license or identification card
15 of registered sex offenders in Alabama?
16      MR. PARKER:  Object to the form.
17 Q. You may answer it.
18 A. No, sir.
19 Q. You had no idea that criminal sex
20 offender was designated on the face --
21 designated on the face of the driver's
22 license or identification card of
23 registrants of the Alabama Sex Offender

Page 12

1  Registration and Community Notification;
2  is that true?
3  A. That's true.
4  Q. Okay.  When, if at all, did you become
5  aware of when that designation appeared,
6  the designation that I spoke of, appear
7  on the identification cards and driver's
8  license of registrants of ASORCNA?
9       MR. PARKER:  Object to the form.
10 Q. You may answer.
11 A. During previous testimony in this
12 hearing.
13 Q. Previous testimony in this -- are you --
14 A. This morning.
15 Q. -- speaking about today?
16 A. Yes, sir.
17 Q. This morning?
18 A. Yes.
19 Q. You were present when I deposed Secretary
20 Stan Stabler, were you not?
21 A. Yes, sir.
22 Q. Is that when you learned that the
23 identification was designated as such for

Page 13

1  registrants of Alabama sex offender
2  statute?
3  A. Yes, sir.
4  Q. So if you listened earlier, then you know
5  what I'm referring to when I say ASORCNA;
6  correct?
7  A. Yes, sir.
8  Q. You know that I'm referring to the
9  Alabama Sex Offender Registration and
10 Community Notification Act; correct?
11 A. That's correct.
12 Q. Okay.  I'm going to continue to refer to
13 it as ASORCNA just for -- just to
14 shortcut.  Is that okay with you?
15 A. Yes, sir.
16 Q. Great.  All right.  When, if at all, did
17 you become aware of a federal lawsuit,
18 the subject for which we're here today,
19 was filed with you as a named defendant?
20      MR. PARKER:  Object to the form.
21 Q. You may answer.
22 A. This morning.
23 Q. You just found out this morning?

4 (Pages 10 to 13)

JOHN E. RICHARDSON    12/7/2016

Page 14

1  A. Yes, sir.
2  Q. So you had no prior knowledge that a suit
3     had been filed naming you as a defendant
4     titled John Does 1 through 4 or 8 with
5     you as a named defendant in the case?
6        MR. PARKER: Object to the form.
7  A. No, sir.
8  Q. Were you -- did you serve as director of
9     department of public safety in August of
10    2015?
11 A. Yes, sir.
12 Q. Did you serve as director of department
13    of public safety in September of 2015?
14 A. Yes, sir.
15 Q. Did you serve as director of department
16    of public safety in March of 2016?
17 A. Yes, sir.
18 Q. Who is your attorney? Who represents you
19    in, for example, a federal lawsuit?
20       MR. PARKER: Object to the form.
21 Q. You may answer it if you know.
22 A. I don't know.
23 Q. Does attorney Tim McCollum represent you

Page 15

1     from time to time?
2        MR. PARKER: Object to the form.
3  A. He works for ALEA. We have several
4     lawyers up there.
5  Q. Okay. Does Haran Lowe represent you from
6     time to time?
7        MR. PARKER: Object to the form.
8  Q. You may answer.
9  A. Prior to his retirement, yes, sir.
10 Q. Right. So neither Attorney McCollum nor
11    Attorney Lowe notified you anytime in
12    2015 or 2016 up until today that you have
13    a lawsuit naming you as a defendant in
14    federal court in the middle district of
15    Alabama?
16 A. I don't recall being notified.
17 Q. And you said that you were just -- you
18    just became aware of the lawsuit this
19    morning; is that correct?
20 A. That's correct.
21 Q. Okay. I'll show you what's marked as
22    Plaintiffs' Exhibit -- Plaintiffs'
23    Exhibit 1. And if you were here earlier,

Page 16

1     just a few moments ago, Colonel
2     Richardson, I'm referring to the Alabama
3     Sex Offender Registration and Community
4     Notification Act. These are the
5     provisions therein. For efficiency
6     purposes, again, I'm going to refer to it
7     as ASORCNA. And I'm going to direct your
8     attention to Section 15-20A-18 beginning
9     with subsection (a). I'm going to read
10    you the first sentence of that.
11 A. There is no 18 in this one. It's 17 and
12    19.
13       (Witness provided the document.)
14 A. Thank you, sir.
15 Q. Do you see 18 now, Colonel Richardson?
16 A. Yes, sir.
17 Q. The first sentence of 15-20A-18,
18    subsection (a), it says, Every adult sex
19    offender who is a registrant of this
20    state shall obtain and always have in her
21    possession a valid driver's license or
22    identification card issued by the Alabama
23    State Law Enforcement Agency.

Page 17

1     Did I read that properly?
2  A. Yes, sir.
3  Q. Okay. Good. I want to skip to
4     subsection (b), and it reads as follows,
5     (b), The adult sex offender shall obtain
6     a valid driver's license or
7     identification card bearing a designation
8     that enables law enforcement officers to
9     identify the licensee as a sex offender
10    within 14 days of his or her initial
11    registration following release, initial
12    registration upon entering the state to
13    become a resident, or immediately
14    following her next registration after
15    July 1, 2011.
16    Did I read subsection (b) correctly,
17    Colonel Richardson?
18 A. Yes.
19       MR. PARKER: Object to the form.
20 A. Yes, sir.
21 Q. All right. And what I'd also like to do
22    is go to subsection (d) of 15-20A-18(a),
23    and it reads as follows, (d), Upon

5 (Pages 14 to 17)

JOHN E. RICHARDSON    12/7/2016

Page 18

1    obtaining or renewing a driver's license
2    or identification card bearing a
3    designation that enables law enforcement
4    officers to identify the licensee as a
5    sex offender, the adult sex offender
6    shall relinquish to the Alabama State Law
7    Enforcement Agency or any other driver's
8    license -- excuse me -- any other
9    driver's license or identification card
10   previously issued to him or her which
11   does not bear any designation enabling
12   law enforcement officers to identify the
13   licensee as a sex offender.
14       Did I read subsection (d) correctly,
15   Colonel Richardson?
16       MR. PARKER:  Object to the form.
17   A. Yes, sir.
18   Q. Thank you.  Now, did you understand each
19      of these sections or sentences that I
20      read to you in 15-20A-18?
21       MR. PARKER:  Object to the form.
22   Q. You may answer.
23   A. Yes, sir, I understand.

Page 19

1    Q. Okay.  So in subsection (d), do you agree
2       that registrants of ASORCNA are required
3       to carry an Alabama-law-enforcement-
4       issued driver's license or identification
5       card with a designation that allows law
6       enforcement officers to identify them as
7       sex offenders?  Are you aware of that?
8    A. I'm reading it, yes, sir.
9    Q. Okay.  So you would agree that that's
10      what subsection (d) requires in part?
11       MR. PARKER:  Object to the form.
12   A. Yes, sir.
13   Q. Okay.  Would you also agree that
14      subsection (d) in part requires
15      registrants of ASORCNA who carry a state-
16      issued driver's license or identification
17      card to relinquish to the Alabama Law
18      Enforcement Agency any other driver's
19      license or identification card that does
20      not bear the designation provided for in
21      15-20A-18?
22   A. Yes, sir.
23   Q. Okay.  Is it your understanding under

Page 20

1    subsection (d) -- I'd like to understand
2    your understanding as the director of
3    department of public safety -- what forms
4    of identification are registrants of
5    ASORCNA allowed to carry that don't have
6    a designation which allow law enforcement
7    officers to identify them as sex
8    offenders?
9        MR. PARKER:  I'm going to object
10   to the form and instruct the witness not
11   to answer this question as it's sort of
12   what I was referring to earlier.
13       MR. McGUIRE:  What you were
14   referring to -- can we go off the record
15   for a minute?
16       (Off the record at 11:21 a.m.)
17       (On the record at 11:21 a.m.)
18       MR. McGUIRE:  Okay.  So,
19   Mr. Parker, I want to be clear that
20   you're instructing Colonel Richardson not
21   to answer the last question I asked.
22       MR. PARKER:  That's correct.
23   Q. (By Mr. McGuire) I'm going to show you --

Page 21

1    I'm going to show you what is a copy of
2    the identification of a plaintiff in this
3    case, John Doe No. 1.  If I told you that
4    this identification -- if I represented
5    to you that this identification was that
6    of John Doe No. 1 in the case that you
7    learned about this morning, would you
8    accept my representation?
9    A. Yes, sir.
10   Q. Okay.  Would you agree that this is a
11      copy of an identification card issued by
12      the Alabama Law Enforcement Agency to
13      John Doe No. 1?
14       MR. PARKER:  Object to the form.
15   Q. You can answer.
16   A. Yes, sir.
17   Q. Will you please tell me every word that
18      is in red on the copy of that
19      identification?
20   A. The word "Alabama" and "criminal sex
21      offender."
22   Q. Okay.  And based on what you told me
23      earlier, that you had no idea that

6 (Pages 18 to 21)

Page 22

1    "criminal sex offender" was printed on
2    the face of ASORCNA registrants' driver's
3    license or identification; is that
4    correct?
5  A. That's correct.
6  Q. Okay.  During your tenure as the director
7    of department of public safety and prior
8    to September 1, 2015 or December 31,
9    2014, you were vested with the authority,
10    were you not, to promulgate rules with
11    regard to the Alabama Sex Offender
12    Registration and Community Notification
13    Act, were you not?
14         MR. PARKER:  Object to the form.
15  Q. You may answer.
16  A. Between July 1, '14 and December 31st of
17    '14, I was.
18  Q. Right.  Now, had you known that all
19    registrants of ASORCNA who carried a
20    driver's license or an identification
21    card carried a card with "criminal sex
22    offender" printed on it in red letters,
23    would that have been your choice?

Page 23

1         MR. PARKER:  Object to the form.
2  Q. You may answer.
3  A. I don't know.
4  Q. Now, if your attorneys told the Court
5    that in 2014 that DPS chose the
6    designation of "criminal sex offender" on
7    the identification cards and you were the
8    person that was sitting in the director
9    of department of public safety position
10    at that time, would you agree that your
11    attorneys were speaking about you?
12         MR. PARKER:  Object to the form.
13  Q. You may answer.
14  A. What dates in 2014?
15  Q. Any date in which you had the authority
16    to promulgate a rule.
17  A. I'm sorry, sir.  Repeat the question.
18  Q. Okay.  During any date during 2014 your
19    lawyer submitted a brief on your behalf
20    that said that DPS chose the designation
21    of "criminal sex offender" to be
22    enshrined on the driver's license or
23    identification card of registered sex

Page 24

1    offenders, if that occurred during your
2    tenure, you would agree with me, would
3    you not, that they were referring to you?
4         MR. PARKER:  Object to the form.
5  Q. You may answer.
6  A. To my command staff.
7  Q. Does your command staff have the
8    authority to promulgate rules during the
9    time in which -- between July 1, 2014 and
10    December 31, 2014?
11         MR. PARKER:  Object to the form.
12  Q. You may answer.
13  A. On issues of this type, I would have
14    consulted with the staff and legal.
15  Q. If you had consulted with the staff and
16    legal during the time that we're talking
17    about, who would have made the final
18    decision?
19         MR. PARKER:  Object to the form.
20  Q. You may answer.
21  A. The final decision would have rested with
22    me.
23  Q. Right.  Because your staff could not have

Page 25

1    made that final decision, could they?
2         MR. PARKER:  Object to the form.
3  Q. You may answer.
4  A. No, sir.
5  Q. And your lawyers could not have make that
6    final decision; isn't that true?
7         MR. PARKER:  Object to the form.
8  A. Correct.
9  Q. Okay.  So what I'd like to ask you next,
10    I'd like to flip to the very last page of
11    Exhibit 1.  At the top of the page on the
12    page that I referred you to, Colonel
13    Richardson, it says Section 15-19-7, does
14    it not?
15  A. Yes, sir.
16  Q. Does it also say below that effective --
17    Effect of determination; access to
18    records of youthful offender?
19         Did I read that correctly?
20  A. Yes, sir.
21  Q. Okay.  I'm going to read to you
22    subsection (a).  It says, No
23    determination made under the provisions

7 (Pages 22 to 25)

Page 26

1  of this chapter shall disqualify any
2  youth for public office or public
3  employment, operate as a forfeiture of
4  any right or privilege or make him
5  ineligible to receive any license granted
6  by public authority, or such -- and such
7  determination shall not be deemed a
8  conviction of a crime; provided, however,
9  that he is subsequently convicted of a
10 crime, the prior adjudication as a
11 youthful offender shall be considered.
12     Did I read subsection (a) correct?
13 A. Yes, sir.
14 Q. Now, if I represent to you that Section
15 15-19-7 is at least in part the Youthful
16 Offender Act, would you accept my
17 representation?
18     MR. PARKER:  Object to the form.
19 Q. You may answer.
20 A. Yes, sir.
21 Q. I'm going to read to you subsection (b)
22 of the same section.  It says, (b), The
23 fingerprints and photographs and other

Page 27

1  records of a person adjudged to be a
2  youthful offender shall not be open to
3  public inspection unless the person
4  adjudged as a youthful offender is
5  treated as an adult sex offender
6  according to Section 15-20A-35; provided,
7  however, that the Court may, in its
8  discretion, permit the inspection of
9  papers or records.
10     Did I read subsection (b) correctly,
11 Colonel Richardson?
12 A. Yes, sir.
13 Q. I want to represent to you that there is
14 some language that was added to
15 subsection (b) and effective September 1,
16 2015, and those words pick up at -- in
17 the first sentence at "unless" and they
18 end at 15-20A-35.  Would you accept my
19 representation that this is what's
20 occurred?
21 A. Yes, sir.
22 Q. Okay.  So what I'm going to represent to
23 you further, given that you accepted

Page 28

1  that, is the statute subsection (b) prior
2  to September 1, 2015 read this way:  The
3  fingerprints and photographs and other
4  records of persons adjudged to be
5  youthful offender shall not be open to
6  public inspection; provided, however,
7  that the Court may, in its discretion,
8  permit the inspection of paper records.
9     Would that language that I told you
10 was added excluded, did I read that
11 properly?
12 A. Yes, sir.
13 Q. Okay.  I'd like to direct your attention
14 to Alabama Code 15-20A-8.  And I'm going
15 to direct your attention to 15-20A-8,
16 subsection (b)(1).
17 A. Yes, sir.
18 Q. Can you please read to me subsection (b)
19 and subsection (b) -- and (1) under
20 subsection -- under subsection (b),
21 please.  I'm sorry.
22 A. None of the following information shall
23 be provided on the public registry

Page 29

1  website or any other notification
2  documents:  Criminal history or any
3  arrests not resulting in conviction.
4  Q. Okay.  Now, would you agree with me,
5  Colonel Richardson, that the statute that
6  I showed you before on that last page --
7  I'd ask you to place those side by side,
8  if you don't mind.  Yeah -- that in
9  15-19-7(a) that in part it says, And such
10 determination shall not be deemed a
11 conviction of a crime.  Would you agree
12 that I'm reading that correctly in part?
13 A. Yes.
14 Q. And when it says "and such determination
15 shall not be deemed a conviction of a
16 crime," you would agree with me, would
17 you not, that it's referring to a
18 youthful offender adjudication?
19     MR. PARKER:  Object to the form.
20 Q. You may answer.
21 A. Yes, sir.
22 Q. Okay.  And I'm going to redirect you to
23 15-20A-8(b)(1).  And I'll repeat it.  It

8 (Pages 26 to 29)

JOHN E. RICHARDSON   12/7/2016

---

Page 30

1  says, None of the following information
2  shall be provided on the public registry
3  website or any other notification
4  documents.  And it specifically cites in
5  (1) criminal history of any arrests not
6  resulting in conviction.
7      You agree that that says that;
8      correct?
9  A. Yes, sir.
10 Q. Would you agree with me that a youthful
11     offender adjudication, based on what
12     you've read earlier, is not a conviction?
13         MR. PARKER:  Object to the form.
14 I'm going to instruct the witness not to
15 answer.
16 Q. You would agree with me that during your
17     tenure as director of department of
18     public safety between July 1, 2014 and
19     December 31, 2014, that youthful
20     offenders who are registrants of ASORCNA
21     were published on the state sex offender
22     website?  You would agree with that,
23     would you not?

Page 31

1         MR. PARKER:  Object to the form.
2  Q. You may answer.
3  A. I don't know what was on the website.
4  Q. So you're not aware that youthful
5     offenders were published on the state sex
6     offender website?
7  A. No, sir.
8  Q. Are you aware that they publish youthful
9     offenders that some of the things that --
10     one of the things that they publish about
11     youthful offenders is what their
12     conviction was.  Are you aware of that?
13         MR. PARKER:  Object to the form.
14 Q. You may answer it.
15 A. I'm not aware of that, no, sir.
16 Q. Are you aware that youthful offenders are
17     required to carry a driver's license with
18     "criminal sex offender" printed on the
19     front if they're registrants of ASORCNA?
20         MR. PARKER:  Object to the form.
21 A. Was not prior to this morning, no, sir.
22 Q. Okay.  If you were made aware of that, by
23     the way, Colonel Richardson, let's say on

Page 32

1  July 1, 2014, would you have continued to
2  have the designation the same or would
3  you have changed the designation?
4         MR. PARKER:  Object to the form.
5  Q. You can answer.
6  A. I don't know.
7  Q. Do you believe that putting that
8     designation on all registrants' driver's
9     license or identification card, even if
10     they've never harmed a minor or child, is
11     something that you would continue doing
12     or -- do you agree that that's what
13     should be on the face of a driver's
14     license or identification card?
15         MR. PARKER:  Object to the form.
16 A. I think you asked me two questions.
17 Q. Sure.
18 A. So if you'll just repeat them one at a
19     time and let me answer, please.
20 Q. Sure.  And I apologize.  Thank you.  Do
21     you agree that all registrants of ASORCNA
22     should be required to carry a driver's
23     license or identification card with

Page 33

1  "criminal sex offender" on the face as a
2  designation simply for the purposes of
3  allowing officers to identify them as sex
4  offenders?
5         MR. PARKER:  Object to the form.
6  Q. You may answer.
7  A. I would agree with the law.  You know,
8     anything other than that would be my
9     opinion.
10 Q. Okay.  And I want to ask your opinion,
11     because your opinion is important.  The
12     law says, the law requires, that there be
13     a designation that allows officers to
14     identify registrants of ASORCNA, very
15     discrete purpose.  The only purpose for
16     this law is to allow officers when they
17     encounter people, citizens of Alabama, to
18     identify whomever they encounter as a
19     registrant of the statute.  You
20     understand that; correct?
21 A. Yes, sir.
22         MR. PARKER:  Object to the form.
23 Q. So your opinion is important.  In your

9 (Pages 30 to 33)

JOHN E. RICHARDSON    12/7/2016

Page 34

1    opinion, is "criminal sex offender" in
2    red letters on the face of all
3    registrants' driver's license or
4    identification cards, is that a proper
5    way or is that the best way, in your
6    opinion, just to allow officers to
7    identify registrants as sex offenders?
8         MR. PARKER:  Objection to the
9    form.
10   Q. You may answer.
11   A. I agree with the law, but I don't know if
12      that's the best way.
13   Q. Are there other alternatives that you can
14      give me an example of that could
15      conceivably be a better way?
16         MR. PARKER:  Objection to the
17   form.
18   Q. You may answer.
19   A. I don't know, sir.
20   Q. Would a single-letter designation allow
21      officers to identify registrants of
22      ASORCNA and sex offenders?
23         MR. PARKER:  Object to the form.

Page 35

1    Q. You may answer.
2    A. That's an option.
3    Q. All right.  It's an option in most every
4       designation you have currently on Alabama
5       driver's license and identification
6       cards; isn't that true?
7          MR. PARKER:  Object to the form.
8    A. I think so.
9    Q. Okay.  Let me see if I can help you with
10      this.  I'm showing you what's marked as
11      Plaintiffs' Exhibit 3.  And you would
12      agree that the document that I have in
13      front of you is the Alabama Law
14      Enforcement Agency's Driver's Licenses --
15      Classes, Endorsements, and Restrictions?
16      Would you agree with that?
17   A. Yes, sir.
18   Q. Okay.  And I want to direct your
19      attention down below on this document to
20      restrictions.  Okay?  And I'd like to ask
21      you if -- if a driver has a CDL medical
22      variance, what designation would be
23      listed on his driver's license?

Page 36

1    A. According to this, the letter V.
2    Q. Single letter V?
3    A. Yes, sir.
4    Q. So --
5         MR. PARKER:  Object to the form.
6    Q. Okay.  So the determination has been made
7       that you don't have to put MV; correct?
8    A. Yes, sir.
9    Q. And you don't have to put "medical
10      variance"; is that correct?
11        MR. PARKER:  Object to the form.
12   A. Yes, sir.
13   Q. And you don't have to put "CDL medical
14      variance" in order for law enforcement
15      officers to know that this driver has a
16      CDL medical variance; isn't that correct?
17        MR. PARKER:  I object to the
18   form.
19   Q. You may answer.
20   A. That's correct.
21   Q. It's just the letter V; isn't that true?
22   A. Yes, sir.
23   Q. Okay.  Cannot there be a designation, for

Page 37

1    example, something I don't see here, like
2    maybe X?  If the Alabama Department of
3    Public Safety or the secretary of ALEA,
4    to your knowledge, instructed that the
5    letter X be designated for registrants of
6    ASORCNA, do you believe, Colonel, that
7    law enforcement officers would be smart
8    enough to learn that X stands for
9    criminal sex offender?
10        MR. PARKER:  Object to the form.
11   Q. You may answer.
12   A. The letter X is used already.
13   Q. Okay.
14   A. But --
15   Q. What about the letter -- the letters PX,
16      are they used?
17   A. Not in a combination.
18   Q. Okay.  Are the letters C used -- is the
19      letter C used?
20   A. I don't see it, sir.
21   Q. And is the letter Q used?
22   A. I don't see it.
23   Q. So if a determination was made that a

DTI Court Reporting Solutions - Birmingham
800-888-3376                    http://www.deposition.com

JOHN E. RICHARDSON    12/7/2016

Page 38

1    registrant of ASORCNA currently
2    identified on driver's licenses and
3    identification cards as criminal sex
4    offenders simply had the letter Q, in
5    your experience in law enforcement
6    officers, are officers smart enough to
7    learn that letter Q is associated with
8    registrants of ASORCNA?
9            MR. PARKER:  Object to the form.
10   Q. You may answer.
11   A. Yes, sir.
12   Q. And you would agree with me, would you
13       not, Colonel Richardson, that's -- a
14       single letter is a viable alternative to
15       printing "criminal sex offender" as a
16       designation on registrants of ASORCNA's
17       identification, would you not?
18           MR. PARKER:  Object to the form.
19   Q. You may answer.
20   A. It would be an option.
21   Q. And it would be an option, would you
22       agree, if a registrant says that they're
23       humiliated by presenting an

Page 39

1    identification with "criminal sex
2    offender" printed on it, a single letter
3    would be an option to lessen that
4    humiliation and still allow law
5    enforcement officers to identify them
6    just as readily as registrants of the
7    statute?  Would you not agree?
8            MR. PARKER:  Object to the form.
9    A. Again, it would be an option, sir.
10   Q. If a registrant of ASORCNA said that
11       carrying a driver's license with
12       "criminal sex offender" on it and
13       presenting it and they go, for example,
14       to a grocery store or a bank is
15       humiliating, would you agree that a
16       single-letter designation could lessen
17       that humiliation?
18           MR. PARKER:  Object to the form.
19   Q. You may answer.
20   A. I don't know if it would lessen it or
21       not.  I don't know.
22   Q. Okay.  You would agree that
23       registrants -- based on the statute that

Page 40

1    registrants are required to relinquish to
2    ALEA any other form of identification not
3    bearing the designation that allows
4    officers to identify them as criminal sex
5    offenders, would you not?  That would be
6    in 18 --
7            MR. PARKER:  Object to the form.
8    Q. -- (d).
9    A. I'm sorry.  What was your question again,
10       sir?
11           MR. McGUIRE:  Can you read back
12       my question, Ms. Bridgette.
13           (Court reporter reads back the
14           last question.)
15   A. I would agree with that.
16   Q. So given the fact if you agree that
17       registrants of ASORCNA must relinquish
18       all other forms of driver's license or
19       identification cards or identification
20       not bearing the designation that allows
21       law enforcement officers to identify them
22       as sex offenders -- do you have that part
23       of the question?

Page 41

1            MR. PARKER:  Object to the form.
2    Q. I'm not done with the entire question.  I
3       just want to make sure you understood
4       what I --
5    A. I have the part driver's license or any
6       other ID issued to them from ALEA or DPS,
7       yes, sir.
8    Q. Right.  That's good.  I want you to hold
9       on to that for a moment.  Do you see
10       something, by the way, in (d) that says
11       issued to them by DPS or issued to them
12       by ALEA?
13           MR. PARKER:  Object to the form.
14   A. I do not.
15   Q. So are you just kind of reading that into
16       (d)?
17           MR. PARKER:  I'm going to
18       instruct the witness not to answer.
19   Q. But, again -- okay.  Well, you answered
20       the question.
21           So do registrants who have a
22       lifetime identification card from another
23       state, if they're registrants of ASORCNA

11 (Pages 38 to 41)

JOHN E. RICHARDSON   12/7/2016

Page 42

1    and they come and they're here, citizens
2    of Alabama, yet they have a lifetime
3    identification card from another state,
4    do they have to relinquish that?
5        MR. PARKER: Objection to the
6    form and instruct not to answer.
7    Q. All right. But you did read the
8    statute -- you did read Section (d) as
9    meaning the driver's licenses or
10   identification cards referenced in
11   Section (d) are only those issued by
12   ALEA? You read that into the statute;
13   correct?
14       MR. PARKER: Object to the form.
15   Instruct not to answer.
16   Q. Well, you agree that issued by ALEA is
17   not in subsection (d)? You would agree
18   with that, would you not?
19       MR. PARKER: Same objection and
20   same instruction. Do not answer.
21       MR. McGUIRE: All right. No
22   problem.
23   Q. So I want to get back to kind of the line

Page 43

1    of questioning that we were on. We were
2    talking about, Colonel Richardson, your
3    opinion while we were -- while you were
4    director of department of public
5    safety -- and you're still director of
6    department of public safety -- your
7    opinion, particularly when you possessed
8    the authority to promulgate rules of
9    ASORCNA. If I represented to you that --
10   here's my question. If I represented to
11   you that ASORCNA requires individuals who
12   have never harmed minors -- for example,
13   they require 17-year-old girls who have
14   consensual sex with 15-year-old boys
15   whose parents find out and turn them
16   in -- to carry a branded driver's license
17   with the designation "criminal sex
18   offender." And if they were 18 years old
19   or older at the time of the offense, they
20   have to carry this for life. In your
21   opinion, had you known this when you --
22   between July 1st and December 31st of
23   2014, would you have considered changing

Page 44

1    the designation?
2        MR. PARKER: Object. Object to
3    the form. I think that was a long,
4    compounded question.
5    Q. Did you understand the question?
6    A. Yes, sir, I understood.
7    Q. Okay. You can answer.
8    A. I don't know.
9    Q. Do you have any concern at all that
10   people who have never harmed children and
11   youthful offenders have to carry this
12   driver's license or identification card,
13   do you have any concerns from a moral
14   perspective?
15       MR. PARKER: Object to the form.
16   Q. You may answer.
17   A. I have concerns.
18   Q. What are those concerns?
19       MR. PARKER: Object to the form.
20   Q. You may answer.
21   A. My -- my concerns as a director of public
22   safety certainly would be are we adhering
23   to the law and are we applying the best

Page 45

1    policies, is my concern. But -- but I'm
2    going to follow the law.
3    Q. I understand. And you -- following the
4    law is what law enforcement officers are
5    required to do. But if you have the
6    ability to create a rule to change the
7    law -- let me strike that. I'm going to
8    ask this question.
9        I asked you earlier if you -- if you
10   had any reservation or any problems from
11   a moral perspective the way the driver's
12   license and identification cards of
13   everybody -- every resident of ASORCNA
14   that's required to carry it has to, do
15   you have any problems with that from a
16   moral perspective?
17       MR. PARKER: Objection.
18   Q. Not from a legal perspective.
19       MR. PARKER: Objection to the
20   form.
21   Q. You may answer.
22   A. My job is to follow the law.
23   Q. I understand. If your job is to follow

12 (Pages 42 to 45)

JOHN E. RICHARDSON   12/7/2016

Page 46

1  the law, do you lose -- does that somehow
2  also mean that you lose moral judgment?
3      MR. PARKER:  Object to the form.
4  Q. You may answer.
5  A. No, sir.
6  Q. You don't lose your morality because you
7  have to follow the law, do you?
8  A. No, sir.
9      MR. PARKER:  Object to the form.
10 Q. Do you have a moral issue with children,
11 teenagers 18 years old who have
12 consensual sex and being caught,
13 basically, and for no other reason than
14 their age being required to carry
15 identification with "criminal sex
16 offender" printed on it for the rest of
17 their lives?  Do you have a moral issue
18 with that?
19      MR. PARKER:  Objection to the
20 form.
21 Q. You may answer.
22 A. Again, I'm going to follow the law.
23 Q. Do you recognize that slavery was a

Page 47

1  law --
2      MR. PARKER:  Object to --
3  Q. -- at one time in the state of Alabama?
4      MR. PARKER:  Object to the form.
5  Q. Do you recognize that?
6  A. Yes, sir.
7  Q. Okay.  So if you were director of
8  department of public safety and said, you
9  know what, we're going to reinstitute
10 slavery in Alabama, would you follow that
11 law?
12      MR. PARKER:  Objection to the
13 form.
14 Q. You may answer.
15 A. I'm going to follow the law.
16 Q. Do you recognize that there was a time in
17 Alabama that certain individuals, certain
18 citizens of this state, did not have a
19 right to vote?  Do you know that?
20      MR. PARKER:  Objection to the
21 form.
22 A. Yes, sir.
23 Q. And do you know that that right to vote

Page 48

1  was often just determined by the color of
2  one's skin?  Do you know that?
3      MR. PARKER:  Objection to the
4  form.
5  A. Yes, sir.
6  Q. And if Alabama decided that they wanted
7  to once again deny individuals the right
8  to vote because of the color of their
9  skin but allowed you to remain as
10 department of public safety and require
11 that there are certain laws or rules that
12 you had to follow to further this
13 disenfranchisement of voting, would you
14 just follow the law?
15      MR. PARKER:  Objection to the
16 form.
17 A. As the director of public safety, I'm
18 going to follow the law.
19      MR. McGUIRE:  All right.
20 Mr. Parker, I don't have any other
21 questions unless you have some right now.
22      MR. PARKER:  I have no questions.
23 We can conclude the deposition.

Page 49

1      (The deposition of John E.
2      Richardson concluded at
3      11:56 a.m. on December 7, 2016.)
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

13 (Pages 46 to 49)

JOHN E. RICHARDSON   12/7/2016

Page 50

1          REPORTER'S CERTIFICATE
2
   STATE OF ALABAMA   )
3                                )
   ELMORE COUNTY      )
4
5
6      I do hereby certify that the above
   and foregoing transcript was taken down
7  by me in stenotype, and the questions and
   answers thereto were transcribed by means
8  of computer-aided transcription, and that
   the foregoing represents a true and
9  correct transcript of the testimony given
   by said witness.
10
11     I further certify that I am neither
   of counsel, nor any relation to the
12 parties to the action, nor am I anywise
   interested in the result of said cause.
13
14
       I further certify that I am duly
15 licensed by the Alabama Board of Court
   Reporting as a Certified Court Reporter
16 as evidenced by the ACCR number following
   my name below.
17
18
19      /s/ Bridgette W. Mitchell
        Bridgette W. Mitchell
20      Certified Court Reporter and
        Commissioner for the State of
21      Alabama at Large
        ACCR No. 231 - Expires 9/30/17
22      MY COMMISSION EXPIRES 12/19/17
23

14 (Page 50)

JOHN E. RICHARDSON   12/7/2016

## A

**ability**
45:6
**accept**
21:8 26:16 27:18
**accepted**
27:23
**access**
25:17
**accommodation**
5:20
**ACCR**
50:16,21
**Act**
4:12 13:10 16:4 22:13
   26:16
**action**
1:9 50:12
**added**
27:14 28:10
**adhering**
44:22
**adjudged**
27:1,4 28:4
**adjudication**
26:10 29:18 30:11
**adult**
16:18 17:5 18:5 27:5
**advance**
5:21
**affirmed**
5:8
**age**
46:14
**Agency**
7:21,23 16:23 18:7
   19:18 21:12
**Agency's**
35:14
**ago**
16:1
**agree**
19:1,9,13 21:10 23:10
   24:2 29:4,11,16 30:7
   30:10,16,22 32:12,21
   33:7 34:11 35:12,16

38:12,22 39:7,15,22
40:15,16 42:16,17
**agreed**
3:2,20 5:22
**agreement**
6:7
**al**
1:6,11
**Alabama**
1:2,19,22 2:5,9,11,14
   2:16 3:10 4:11 7:21
   7:23 8:14,19 9:11
   10:3,13 11:6,6,15,23
   13:1,9 15:15 16:2,22
   18:6 19:17 21:12,20
   22:11 28:14 33:17
   35:4,13 37:2 42:2
   47:3,10,17 48:6 50:2
   50:15,21
**Alabama-law-enfor...**
19:3
**ALEA**
4:13 15:3 37:3 40:2
   41:6,12 42:12,16
**allow**
20:6 33:16 34:6,20
   39:4
**allowed**
20:5 48:9
**allowing**
33:3
**allows**
19:5 33:13 40:3,20
**alternative**
38:14
**alternatives**
34:13
**answer**
6:18 8:22 11:9,17
   12:10 13:21 14:21
   15:8 18:22 20:11,21
   21:15 22:15 23:2,13
   24:5,12,20 25:3
   26:19 29:20 30:15
   31:2,14 32:5,19 33:6
   34:10,18 35:1 36:19

37:11 38:10,19 39:19
41:18 42:6,15,20
44:7,16,20 45:21
46:4,21 47:14
**answered**
41:19
**answers**
50:7
**anytime**
15:11
**anywise**
50:12
**apologize**
32:20
**appear**
5:22 7:5 10:1 12:6
**APPEARANCES**
2:1
**appeared**
11:13 12:5
**appearing**
5:17 6:9
**applying**
44:23
**appreciate**
6:3
**arrests**
29:3 30:5
**asked**
20:21 32:16 45:9
**ASORCNA**
12:8 13:5,13 16:7 19:2
   19:15 20:5 22:2,19
   30:20 31:19 32:21
   33:14 34:22 37:6
   38:1,8 39:10 40:17
   41:23 43:9,11 45:13
**ASORCNA's**
38:16
**associated**
38:7
**ASSOCIATES**
2:4
**attempt**
5:20
**attention**

16:8 28:13,15 35:19
**attorney**
1:18 2:10 14:18,23
   15:10,11
**attorneys**
23:4,11
**August**
14:9
**authority**
9:22 10:12,15,16 11:4
   22:9 23:15 24:8 26:6
   43:8
**Avenue**
1:19 2:10
**aware**
11:12 12:5 13:17
   15:18 19:7 31:4,8,12
   31:15,16,22
**a.m**
1:23 20:16,17 49:3

## B

**b**
17:4,5,16 26:21,22
   27:10,15 28:1,16,18
   28:19,20
**back**
40:11,13 42:23
**bank**
39:14
**based**
21:22 30:11 39:23
**basically**
46:13
**bear**
18:11 19:20
**bearing**
17:7 18:2 40:3,20
**beginning**
16:8
**behalf**
1:17 23:19
**believe**
32:7 37:6
**best**
34:5,12 44:23

better
34:15
Board
50:15
Box
2:15
boys
43:14
branded
43:16
Bridgette
1:20 3:8 40:12 50:19
50:19
brief
23:19

**C**

C
37:18,19
call
7:18
card
11:14,22 16:22 17:7
18:2,9 19:5,17,19
21:11 22:21,21 23:23
32:9,14,23 41:22
42:3 44:12
cards
8:20 9:12 10:3,15 11:7
12:7 23:7 34:4 35:6
38:3 40:19 42:10
45:12
carried
22:19,21
carry
19:3,15 20:5 31:17
32:22 43:16,20 44:11
45:14 46:14
carrying
39:11
case
3:22 4:1 6:6 7:4,9 14:5
21:3,6
caught
46:12
cause

50:12
CDL
35:21 36:13,16
certain
47:17,17 48:11
certainly
44:22
CERTIFICATE
50:1
Certified
50:15,20
certify
50:6,11,14
change
45:6
changed
32:3
changing
43:23
chapter
26:1
child
32:10
children
44:10 46:10
choice
22:23
chose
23:5,20
cites
30:4
citizens
10:3 33:17 42:1 47:18
Civil
1:9 3:6,18 4:3
clarify
6:22
Classes
4:13 35:15
Clayton
2:4
clear
6:13 20:19
Code
28:14
Collier

9:19 10:20,21,23
Colonel
5:15 6:23 7:12,17,18
9:20 11:10,11,12
16:1,15 17:17 18:15
20:20 25:12 27:11
29:5 31:23 37:6
38:13 43:2
color
48:1,8
combination
37:17
come
42:1
command
24:6,7
commencing
1:23
commission
3:11 50:22
Commissioner
50:20
Community
4:12 12:1 13:10 16:3
22:12
compounded
44:4
computer-aided
50:8
conceivably
34:15
concern
44:9 45:1
concerns
44:13,17,18,21
conclude
48:23
concluded
49:2
consensual
43:14 46:12
considered
26:11 43:23
consulted
24:14,15
continue

13:12 32:11
continued
32:1
convicted
26:9
conviction
26:8 29:3,11,15 30:6
30:12 31:12
copy
21:1,11,18
correct
13:6,10,11 15:19,20
20:22 22:4,5 25:8
26:12 30:8 33:20
36:7,10,16,20 42:13
50:9
correctly
17:16 18:14 25:19
27:10 29:12
counsel
3:3,21 50:11
COUNTY
50:3
couple
5:13
court
1:1 5:1 15:14 23:4
27:7 28:7 40:13
50:15,15,20
create
45:6
crime
26:8,10 29:11,16
criminal
11:19 21:20 22:1,21
23:6,21 29:2 30:5
31:18 33:1 34:1 37:9
38:3,15 39:1,12 40:4
43:17 46:15
currently
35:4 38:1

**D**

d
17:22,23 18:14 19:1
19:10,14 20:1 40:8

JOHN E. RICHARDSON    12/7/2016

Page 3

41:10,16 42:8,11,17
**date**
9:14 23:15,18
**dates**
10:6 23:14
**days**
17:10
**December**
1:22 10:7,9,16 22:8,16
24:10 30:19 43:22
49:3
**decided**
48:6
**decision**
24:18,21 25:1,6
**deemed**
26:7 29:10,15
**defendant**
13:19 14:3,5 15:13
**defendants**
1:12 7:4,8
**deny**
48:7
**department**
2:14 8:2,4,8,9,11 14:9
14:12,15 20:3 22:7
23:9 30:17 37:2 43:4
43:6 47:8 48:10
**deposed**
12:19
**deposition**
1:15 3:4,7,16,22 5:15
5:18 6:1,4 7:6,8
48:23 49:1
**designated**
11:20,21 12:23 37:5
**designation**
11:13 12:5,6 17:7 18:3
18:11 19:5,20 20:6
23:6,20 32:2,3,8 33:2
33:13 34:20 35:4,22
36:23 38:16 39:16
40:3,20 43:17 44:1
**designations**
8:13 9:22,23
**determination**

8:13,17 25:17,23 26:7
29:10,14 36:6 37:23
**determine**
11:4
**determined**
48:1
**determining**
9:9
**direct**
16:7 28:13,15 35:18
**director**
8:5,6,23 14:8,12,15
20:2 22:6 23:8 30:17
43:4,5 44:21 47:7
48:17
**discrete**
33:15
**discretion**
27:8 28:7
**discussed**
5:14
**disenfranchisement**
48:13
**disqualify**
26:1
**district**
1:1,2 15:14
**division**
1:3 7:22
**document**
16:13 35:12,19
**documents**
29:2 30:4
**Doe**
1:6 21:3,6,13
**doing**
32:11
**DPS**
23:5,20 41:6,11
**driver**
4:13 35:21 36:15
**driver's**
8:14,19 9:11 10:2,14
11:6,14,21 12:7
16:21 17:6 18:1,7,9
19:4,16,18 22:2,20

23:22 31:17 32:8,13
32:22 34:3 35:5,14
35:23 38:2 39:11
40:18 41:5 42:9
43:16 44:12 45:11
**duly**
5:8 50:14

---

## E

**E**
1:15 3:4 5:7 7:16 49:1
**earlier**
13:4 15:23 20:12
21:23 30:12 45:9
**Effect**
25:17
**effective**
9:4 25:16 27:15
**efficiency**
16:5
**efforts**
6:3
**either**
4:2
**ELMORE**
50:3
**employed**
7:20
**employment**
26:3
**enables**
17:8 18:3
**enabling**
18:11
**encounter**
33:17,18
**endorsement**
9:10
**endorsements**
4:13 8:18 10:1,13 11:5
35:15
**enforcement**
7:21,23 9:2,16,17
10:17,19 16:23 17:8
18:3,7,12 19:6,18
20:6 21:12 35:14

36:14 37:7 38:5 39:5
40:21 45:4
**enshrined**
23:22
**entering**
17:12
**entire**
41:2
**Esquire**
2:3,8,9,14
**et**
1:6,11
**everybody**
45:13
**evidence**
3:16
**evidenced**
50:16
**exam**
6:16
**EXAMINATION**
4:8 7:10
**example**
14:19 34:14 37:1
39:13 43:12
**excluded**
28:10
**excuse**
18:8
**Exhibit**
4:10,12,15 15:22,23
25:11 35:11
**EXHIBITS**
4:10
**experience**
38:5
**Expires**
50:21,22

---

## F

**face**
11:20,21 22:2 32:13
33:1 34:2
**fact**
40:16
**federal**

JOHN E. RICHARDSON   12/7/2016

3:6,18 4:3 13:17
14:19 15:14
**filed**
13:19 14:3
**final**
9:21 24:17,21 25:1,6
**find**
43:15
**fine**
7:19
**fingerprints**
26:23 28:3
**first**
5:7 16:10,17 27:17
**flip**
25:10
**follow**
45:2,22,23 46:7,22
47:10,15 48:12,14,18
**following**
17:11,14 28:22 30:1
45:3 50:16
**follows**
5:10 17:4,23
**foregoing**
50:6,8
**forfeiture**
26:3
**form**
3:13 8:15,21 9:6,13
10:4 11:8,16 12:9
13:20 14:6,20 15:2,7
17:19 18:16,21 19:11
20:10 21:14 22:14
23:1,12 24:4,11,19
25:2,7 26:18 29:19
30:13 31:1,13,20
32:4,15 33:5,22 34:9
34:17,23 35:7 36:5
36:11,18 37:10 38:9
38:18 39:8,18 40:2,7
41:1,13 42:6,14 44:3
44:15,19 45:20 46:3
46:9,20 47:4,13,21
48:4,16
**formality**

3:10
**forms**
20:3 40:18
**found**
13:23
**Frank**
2:14
**front**
31:19 35:13
**further**
3:20 27:23 48:12
50:11,14

--- **G** ---

**G**
2:8
**General**
1:18 2:10
**girls**
43:13
**give**
34:14
**given**
27:23 40:16 50:9
**go**
8:13,18 17:22 20:14
39:13
**going**
13:12 16:6,7,9 20:9,23
21:1 25:21 26:21
27:22 28:14 29:22
30:14 41:17 45:2,7
46:22 47:9,15 48:18
**good**
7:12,13 8:11 17:3 41:8
**government**
5:19 6:11
**granted**
26:5
**Great**
13:16
**grocery**
39:14

--- **H** ---

**half**

6:2
**Haran**
15:5
**harmed**
32:10 43:12 44:10
**hearing**
12:12
**help**
35:9
**hereto**
4:2
**highest-ranking**
8:7
**high-ranking**
5:18 6:11
**history**
29:2 30:5
**hold**
41:8
**hope**
6:5
**hours**
6:2
**Hugh**
11:10,11
**humiliated**
38:23
**humiliating**
39:15
**humiliation**
39:4,17
**hypotheticals**
6:15

--- **I** ---

**ID**
41:6
**idea**
11:19 21:23
**identification**
4:16 8:20 9:12 10:3,14
11:7,14,22 12:7,23
16:22 17:7 18:2,9
19:4,16,19 20:4 21:2
21:4,5,11,19 22:3,20
23:7,23 32:9,14,23

34:4 35:5 38:3,17
39:1 40:2,19,19
41:22 42:3,10 44:12
45:12 46:15
**identified**
38:2
**identify**
17:9 18:4,12 19:6 20:7
33:3,14,18 34:7,21
39:5 40:4,21
**III**
1:11
**immediately**
17:13
**immunity**
7:6
**important**
33:11,23
**INDEX**
4:6
**individuals**
43:11 47:17 48:7
**ineligible**
26:5
**information**
28:22 30:1
**initial**
17:10,11
**inspection**
27:3,8 28:6,8
**instruct**
6:17 20:10 30:14
41:18 42:6,15
**instructed**
37:4
**instructing**
20:20
**instruction**
42:20
**interested**
50:12
**introduced**
3:23
**invoke**
6:10
**issue**

46:10,17
**issued**
  16:22 18:10 19:4,16
  21:11 41:6,11,11
  42:11,16
**issues**
  5:13 24:13

**J**

**J**
  2:3,9
**jmcguire@mandab...**
  2:6
**job**
  45:22,23
**John**
  1:6,15 2:8 3:4 5:7 7:16
  14:4 21:3,6,13 49:1
**Jordan**
  2:19
**Jr**
  2:8
**judgment**
  46:2
**July**
  10:7,8 11:3,11 17:15
  22:16 24:9 30:18
  32:1 43:22

**K**

**kind**
  6:15,21 41:15 42:23
**know**
  6:14 13:4,8 14:21,22
  23:3 31:3 32:6 33:7
  34:11,19 36:15 39:20
  39:21 44:8 47:9,19
  47:23 48:2
**knowledge**
  9:4 14:2 37:4
**known**
  22:18 43:21

**L**

**language**
  27:14 28:9

**Large**
  1:22 3:10 50:21
**law**
  7:21,23 9:1,16,17
  10:17,18 16:23 17:8
  18:3,6,12 19:5,17
  20:6 21:12 33:7,12
  33:12,16 34:11 35:13
  36:14 37:7 38:5 39:4
  40:21 44:23 45:2,4,4
  45:7,22 46:1,7,22
  47:1,11,15 48:14,18
**laws**
  48:11
**lawsuit**
  13:17 14:19 15:13,18
**lawyer**
  23:19
**lawyers**
  15:4 25:5
**law-school**
  6:16
**learn**
  37:8 38:7
**learned**
  12:22 21:7
**legal**
  5:16 6:14 24:14,16
  45:18
**lessen**
  39:3,16,20
**letter**
  36:1,2,21 37:5,12,15
  37:19,21 38:4,7,14
  39:2
**letters**
  22:22 34:2 37:15,18
**let's**
  31:23
**license**
  10:2 11:14,22 12:8
  16:21 17:6 18:1,8,9
  19:4,16,19 22:3,20
  23:22 26:5 31:17
  32:9,14,23 34:3 35:5
  35:23 39:11 40:18

  41:5 43:16 44:12
  45:12
**licensed**
  50:15
**licensee**
  17:9 18:4,13
**licenses**
  4:13 8:14,19 9:11
  10:14 11:6 35:14
  38:2 42:9
**life**
  43:20
**lifetime**
  41:22 42:2
**limit**
  6:1
**line**
  42:23
**listed**
  35:23
**listened**
  13:4
**litigation**
  5:21
**lives**
  46:17
**long**
  44:3
**longer**
  10:23
**lose**
  46:1,2,6
**Lowe**
  15:5,11
**LUTHER**
  1:11 2:7

**M**

**manner**
  4:1
**March**
  14:16
**marked**
  4:16 15:21 35:10
**matter**
  5:14

**ma'am**
  5:4
**McCall**
  11:10,11
**McCollum**
  2:14 14:23 15:10
**McGuire**
  2:3,4 4:8 5:3,11 6:19
  7:11 20:13,18,23
  40:11 42:21 48:19
**mean**
  9:23 46:2
**meaning**
  42:9
**means**
  50:7
**medical**
  35:21 36:9,13,16
**middle**
  1:2 15:14
**mind**
  7:17 29:8
**minor**
  32:10
**minors**
  43:12
**minute**
  20:15
**Mitch**
  2:3
**Mitchell**
  1:20 3:8 50:19,19
**moment**
  41:9
**moments**
  16:1
**Montgomery**
  1:19 2:5,11,16
**moral**
  44:13 45:11,16 46:2
  46:10,17
**morality**
  46:6
**morning**
  7:12,13 12:14,17
  13:22,23 15:19 21:7

31:21
**move**
6:18
**MV**
36:7

**N**

**name**
7:14 50:16
**named**
7:4,8 13:19 14:5
**naming**
14:3 15:13
**need**
3:13
**neither**
15:10 50:11
**never**
32:10 43:12 44:10
**NORTHERN**
1:3
**Notary**
1:21 3:9
**notice**
1:16
**notification**
4:12 12:1 13:10 16:4
22:12 29:1 30:3
**notified**
15:11,16
**number**
50:16

**O**

**object**
8:15,21 9:6,13 10:4
11:8,16 12:9 13:20
14:6,20 15:2,7 17:19
18:16,21 19:11 20:9
21:14 22:14 23:1,12
24:4,11,19 25:2,7
26:18 29:19 30:13
31:1,13,20 32:4,15
33:5,22 34:23 35:7
36:5,11,17 37:10
38:9,18 39:8,18 40:7

41:1,13 42:14 44:2,2
44:15,19 46:3,9 47:2
47:4
**objection**
34:8,16 42:5,19 45:17
45:19 46:19 47:12,20
48:3,15
**objections**
3:11,12
**obtain**
16:20 17:5
**obtaining**
18:1
**occurred**
24:1 27:20
**offender**
4:11 11:20,23 13:1,9
16:3,19 17:5,9 18:5,5
18:13 21:21 22:1,11
22:22 23:6,21 25:18
26:11,16 27:2,4,5
28:5 29:18 30:11,21
31:6,18 33:1 34:1
37:9 38:15 39:2,12
43:18 46:16
**offenders**
11:15 19:7 20:8 24:1
30:20 31:5,9,11,16
33:4 34:7,22 38:4
40:5,22 44:11
**offense**
43:19
**offered**
3:16
**office**
1:18 2:9 11:1 26:2
**officers**
17:8 18:4,12 19:6 20:7
33:3,13,16 34:6,21
36:15 37:7 38:6,6
39:5 40:4,21 45:4
**official**
8:7
**officials**
5:19 6:12
**okay**

6:19 7:20,22 8:3,6,11
9:3,20 10:8,11 12:4
13:12,14 15:5,21
17:3 19:1,9,13,23
20:18 21:10,22 22:6
23:18 25:9,21 27:22
28:13 29:4,22 31:22
33:10 35:9,18,20
36:6,23 37:13,18
39:22 41:19 44:7
47:7
**old**
43:18 46:11
**older**
43:19
**once**
48:7
**one's**
48:2
**open**
27:2 28:5
**operate**
26:3
**opinion**
33:9,10,11,23 34:1,6
43:3,7,21
**opportunity**
6:21
**option**
35:2,3 38:20,21 39:3,9
**optional**
7:2
**order**
36:14

**P**

**page**
4:8,10 25:10,11,12
29:6
**paper**
28:8
**papers**
27:9
**parents**
43:15
**Parker**

2:8 5:4,11 6:20 8:15
8:21 9:6,13 10:4
11:8,16 12:9 13:20
14:6,20 15:2,7 17:19
18:16,21 19:11 20:9
20:19,22 21:14 22:14
23:1,12 24:4,11,19
25:2,7 26:18 29:19
30:13 31:1,13,20
32:4,15 33:5,22 34:8
34:16,23 35:7 36:5
36:11,17 37:10 38:9
38:18 39:8,18 40:7
41:1,13,17 42:5,14
42:19 44:2,15,19
45:17,19 46:3,9,19
47:2,4,12,20 48:3,15
48:20,22
**part**
19:10,14 26:15 29:9
29:12 40:22 41:5
**particularly**
6:15 43:7
**parties**
3:4,22 50:12
**party**
4:2
**Paula**
2:19
**people**
33:17 44:10
**permit**
27:8 28:8
**person**
23:8 27:1,3
**persons**
28:4
**perspective**
44:14 45:11,16,18
**photographs**
26:23 28:3
**pick**
27:16
**place**
29:7
**plaintiff**

JOHN E. RICHARDSON   12/7/2016

21:2
**plaintiffs**
1:7,17 2:3 4:10,12
6:22 15:22,22 35:11
**Plaintiff's**
4:15
**please**
7:15 21:17 28:18,21
32:19
**policies**
45:1
**position**
5:16 6:22 7:1,3 23:9
**possessed**
43:7
**possession**
16:21
**preliminary**
5:14
**present**
2:18 7:7 12:19
**presenting**
38:23 39:13
**previous**
12:11,13
**previously**
18:10
**printed**
22:1,22 31:18 39:2
46:16
**printing**
38:15
**prior**
9:8,15 11:3 14:2 15:9
22:7 26:10 28:1
31:21
**privilege**
5:19 6:11 26:4
**privileged**
5:17
**problem**
42:22
**problems**
45:10,15
**Procedure**
3:6,19 4:3

**promulgate**
22:10 23:16 24:8 43:8
**proper**
34:4
**properly**
17:1 28:11
**provided**
3:17 4:2 16:13 19:20
26:8 27:6 28:6,23
30:2
**provisions**
4:11 16:5 25:23
**public**
1:21 2:15 3:9 8:2,4,8,9
8:12 14:9,13,16 20:3
22:7 23:9 26:2,2,6
27:3 28:6,23 30:2,18
37:3 43:4,6 44:21
47:8 48:10,17
**publish**
31:8,10
**published**
30:21 31:5
**purpose**
3:17 33:15,15
**purposes**
16:6 33:2
**pursuant**
1:16 3:5
**put**
36:7,9,13
**putting**
32:7
**PX**
37:15
**P.O**
2:15

_____
**Q**
_____
**question**
20:11,21 23:17 40:9
40:12,14,23 41:2,20
43:10 44:4,5 45:8
**questioning**
43:1
**questions**

3:12,13 6:14 32:16
48:21,22 50:7
**quick**
5:13
**quickly**
6:5

_____
**R**
_____
**raise**
5:13
**read**
5:5 16:9 17:1,16 18:14
18:20 25:19,21 26:12
26:21 27:10 28:2,10
28:18 30:12 40:11
42:7,8,12
**readily**
39:6
**reading**
19:8 29:12 41:15
**reads**
17:4,23 40:13
**real**
5:13
**reason**
46:13
**recall**
15:16
**receive**
26:5
**recognize**
46:23 47:5,16
**record**
6:7 7:14 20:14,16,17
**records**
25:18 27:1,9 28:4,8
**red**
21:18 22:22 34:2
**redirect**
29:22
**refer**
13:12 16:6
**referenced**
42:10
**referred**
25:12

**referring**
13:5,8 16:2 20:12,14
24:3 29:17
**regard**
22:11
**registered**
11:15 23:23
**registrant**
16:19 33:19 38:1,22
39:10
**registrants**
11:23 12:8 13:1 19:2
19:15 20:4 22:2,19
30:20 31:19 32:8,21
33:14 34:3,7,21 37:5
38:8,16 39:6,23 40:1
40:17 41:21,23
**registration**
4:11 12:1 13:9 16:3
17:11,12,14 22:12
**registry**
28:23 30:2
**reinstitute**
47:9
**related**
6:12
**relation**
50:11
**release**
17:11
**relinquish**
18:6 19:17 40:1,17
42:4
**remain**
48:9
**renewing**
18:1
**repeat**
23:17 29:23 32:18
**reporter**
1:21 3:8 5:1 40:13
50:15,20
**REPORTER'S**
50:1
**Reporting**
50:15

JOHN E. RICHARDSON   12/7/2016

**represent**
14:23 15:5 26:14
  27:13,22
**representation**
21:8 26:17 27:19
**represented**
21:4 43:9,10
**representing**
3:3,21
**represents**
14:18 50:8
**require**
43:13 48:10
**required**
7:5 19:2 31:17 32:22
  40:1 45:5,14 46:14
**requires**
19:10,14 33:12 43:11
**resembles**
6:16
**reservation**
45:10
**reserve**
5:5
**reserved**
3:14
**resident**
17:13 45:13
**resolution**
5:21
**responsibility**
9:9
**rest**
46:16
**rested**
24:21
**restrictions**
4:13 8:18 9:10 10:1,13
  11:5 35:15,20
**result**
50:12
**resulting**
29:3 30:6
**retirement**
15:9
**Richardson**

1:15 2:8 3:5 5:7 6:23
  7:12,16,17,18 9:21
  11:12 16:2,15 17:17
  18:15 20:20 25:13
  27:11 29:5 31:23
  38:13 43:2 49:2
**Richardson's**
5:16
**right**
5:5 6:10 13:16 15:10
  17:21 22:18 24:23
  26:4 35:3 41:8 42:7
  42:21 47:19,23 48:7
  48:19,21
**rule**
23:16 45:6
**rules**
3:6,18 4:3 22:10 24:8
  43:8 48:11
**ruling**
3:15

─────── **S** ───────
**s**
50:19
**safety**
2:15 8:2,4,8,9,12 14:9
  14:13,16 20:3 22:7
  23:9 30:18 37:3 43:5
  43:6 44:22 47:8
  48:10,17
**says**
16:18 25:13,22 26:22
  29:9,14 30:1,7 33:12
  38:22 41:10
**secretary**
6:4 7:1 9:1,16,17
  10:17,18 12:19 37:3
**section**
16:8 25:13 26:14,22
  27:6 42:8,11
**sections**
18:19
**see**
16:15 35:9 37:1,20,22
  41:9

**sentence**
16:10,17 27:17
**sentences**
18:19
**September**
9:5,8,15,18 14:13 22:8
  27:15 28:2
**serve**
14:8,12,15
**sex**
4:11 11:15,19,23 13:1
  13:9 16:3,18 17:5,9
  18:5,5,13 19:7 20:7
  21:20 22:1,11,21
  23:6,21,23 27:5
  30:21 31:5,18 33:1,3
  34:1,7,22 37:9 38:3
  38:15 39:1,12 40:4
  40:22 43:14,17 46:12
  46:15
**shortcut**
13:14
**Shorthand**
1:20 3:8
**show**
15:21 20:23 21:1
**showed**
29:6
**showing**
35:10
**side**
29:7,7
**sign**
5:6
**simply**
33:2 38:4
**Sinclair**
2:9
**single**
36:2 38:14 39:2
**single-letter**
34:20 39:16
**sir**
7:19 8:10,16 9:7,14
  10:5,10,22 11:2,18
  12:16,21 13:3,7,15

14:1,7,11,14,17 15:9
  16:14,16 17:2,20
  18:17,23 19:8,12,22
  21:9,16 23:17 25:4
  25:15,20 26:13,20
  27:12,21 28:12,17
  29:21 30:9 31:7,15
  31:21 33:21 34:19
  35:17 36:3,8,12,22
  37:20 38:11 39:9
  40:10 41:7 44:6 46:5
  46:8 47:6,22 48:5
**sitting**
23:8
**skin**
48:2,9
**skip**
17:3
**slavery**
46:23 47:10
**smart**
37:7 38:6
**sorry**
9:1 23:17 28:21 40:9
**sort**
20:11
**speak**
5:8
**speaking**
12:15 23:11
**specifically**
8:1 30:4
**Spencer**
9:19 10:20,21,23
**spoke**
10:12 12:6
**Stabler**
2:7 6:4 7:1 12:20
**staff**
24:6,7,14,15,23
**Stan**
2:7 12:20
**stands**
37:8
**started**
5:12

JOHN E. RICHARDSON    12/7/2016

Page 9

**state**
1:22 2:9,14 3:9 7:14
  16:20,23 17:12 18:6
  19:15 30:21 31:5
  41:23 42:3 47:3,18
  50:2,20
**STATES**
1:1
**statute**
13:2 28:1 29:5 33:19
  39:7,23 42:8,12
**stenotype**
50:7
**stipulated**
3:2,20
**stipulation**
1:16
**stipulations**
3:1 5:2
**store**
39:14
**STRANGE**
1:11 2:7
**Street**
2:4
**strike**
45:7
**subject**
13:18
**submitted**
23:19
**subsection**
16:9,18 17:4,16,22
  18:14 19:1,10,14
  20:1 25:22 26:12,21
  27:10,15 28:1,16,18
  28:19,20,20 42:17
**subsequently**
26:9
**suit**
7:7 14:2
**sure**
32:17,20 41:3
**sworn**
5:8

---
**T**
---
**take**
6:21
**taken**
1:16 3:5,7 50:6
**talking**
24:16 43:2
**teenagers**
46:11
**tell**
21:17
**tenure**
22:6 24:2 30:17
**testified**
5:10
**testimony**
12:11,13 50:9
**thank**
6:18,19 16:14 18:18
  32:20
**thereto**
50:7
**thing**
6:16
**things**
31:9,10
**think**
6:1 32:16 35:8 44:3
**Tim**
14:23
**time**
3:14,15 6:12 10:19
  15:1,1,6,6 23:10 24:9
  24:16 32:19 43:19
  47:3,16
**Timothy**
2:14
**tim.mccollum@dps....**
2:17
**title**
8:3
**titled**
14:4
**today**
12:15 13:18 15:12
**told**

21:3,22 23:4 28:9
**top**
25:11
**transcribed**
50:7
**transcript**
5:6 50:6,9
**transcription**
50:8
**treated**
27:5
**trial**
3:23
**true**
12:2,3 25:6 35:6 36:21
  50:8
**truth**
5:9,9,10
**turn**
43:15
**two**
6:2,2 32:16
**type**
24:13

---
**U**
---
**ultimately**
8:12 9:9
**understand**
5:23 18:18,23 20:1
  33:20 44:5 45:3,23
**understanding**
19:23 20:2
**understood**
41:3 44:6
**UNITED**
1:1
**Usual**
5:1

---
**V**
---
**V**
36:1,2,21
**valid**
16:21 17:6
**variance**

35:22 36:10,14,16
**vested**
22:9
**viable**
38:14
**voluntarily**
5:23 6:9
**vote**
47:19,23 48:8
**voting**
48:13
**vs**
1:9

---
**W**
---
**W**
50:19,19
**waiving**
6:10
**want**
6:8,20 17:3 20:19
  27:13 33:10 35:18
  41:3,8 42:23
**wanted**
5:12 6:6,13 48:6
**Washington**
1:19 2:10
**way**
9:20 28:2 31:23 34:5,5
  34:12,15 41:10 45:11
**website**
29:1 30:3,22 31:3,6
**went**
9:10,22
**we'll**
6:17 7:9
**we're**
6:8 13:18 24:16 47:9
**we've**
5:14
**William**
2:8
**Winfield**
2:9
**witness**
6:17 16:13 20:10

30:14 41:18 50:9
**word**
21:17,20
**words**
27:16
**work**
8:1
**works**
15:3
**wparker@ago.state...**
2:12
**wsinclair@ago.state...**
2:12

---
**X**
**X**
37:2,5,8,12

---
**Y**
**Yeah**
29:8
**years**
43:18 46:11
**youth**
26:2
**youthful**
25:18 26:11,15 27:2,4
  28:5 29:18 30:10,19
  31:4,8,11,16 44:11

---
**#**
**#1**
1:6

---
**1**
**1**
4:10,15 9:5,8,15,18
  10:7,8 11:11 14:4
  15:23 17:15 21:3,6
  21:13 22:8,16 24:9
  25:11 27:15 28:2,16
  28:19 30:5,18 32:1
**1st**
11:3 43:22
**11:05**
1:23

**11:21**
20:16,17
**11:56**
49:3
**12/19/17**
50:22
**14**
17:10 22:16,17
**15-year-old**
43:14
**15-19-7**
25:13 26:15
**15-19-7(a)**
29:9
**15-20A-18**
16:8,17 18:20 19:21
**15-20A-18(a)**
17:22
**15-20A-35**
27:6,18
**15-20A-8**
28:14,15
**15-20A-8(b)(1)**
29:23
**1511**
2:15
**17**
16:11
**17-year-old**
43:13
**18**
16:11,15 40:6 43:18
  46:11
**19**
16:12

---
**2**
**2:15-CV-606-WKW**
1:9
**2011**
17:15
**2014**
10:7,7,8 11:3,12 22:9
  23:5,14,18 24:9,10
  30:18,19 32:1 43:23
**2015**

9:5,8,15,18 14:10,13
  15:12 22:8 27:16
  28:2
**2016**
1:23 14:16 15:12 49:3
**231**
50:21

---
**3**
**3**
4:12,15 35:11
**31**
2:4 10:7 22:8 24:10
  30:19
**31st**
10:9,16 22:16 43:22
**334.242.4392**
2:16
**334.242.7300**
2:11
**334.517.1000**
2:5
**36102**
2:16
**36104**
2:5
**36130**
2:11

---
**4**
**4**
4:10,12 14:4

---
**5**
**501**
1:18 2:10

---
**7**
**7**
1:22 4:8 49:3

---
**8**
**8**
14:4

---
**9**
**9/30/17**

50:21