EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

|  |  |
|---|---|
| JOHN DOES #1 et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> STEVEN T. MARSHALL, et al., <br><br> *Defendants*. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 2:15-cv-606-WKW <br> ) <br> ) <br> ) <br> ) |

## AFFIDAVIT OF MICHAEL A. MCGUIRE

I, Michael A. McGuire, am an Alabama citizen who is over the age of 19. I do herby affirm, under penalty of perjury, that the following is true and correct.

I am an ASORCNA registrant, known to this Court as the Plaintiff in *McGuire v. Strange*, 83 F. Supp. 3d 1231 (2015 Watkins, C.J.). My current registered address is ▓▓▓▓▓▓▓▓▓▓▓▓▓, Montgomery, Alabama and have lived there since October 3, 2016. Prior to my current residence, my registered address was ▓▓ ▓▓▓▓▓▓▓▓▓▓▓. I moved from ▓▓ to ▓▓▓▓▓▓▓▓▓ on the night of September 30, 2016.

I am uncomfortable around Alabama law enforcement officials based on how I have been treated by nearly each I have encountered since April 2010. In *McGuire v. Strange*, I complained of some of the treatment I have been subject to, especially

from MPD. The purpose of this affidavit is to make the Court aware of instances I have not previously brought before it in support of the plaintiffs' claims in the *Doe v. Marshall* case.

In September 2015, Special Agent Senior Polygraph Examiner, Spencer P. Traywick, came to my mother's home, where I was living at the time. He was very intimidating, asking me, my mother and brother-in-law many questions about my living arrangements in the home. He was at our home on that day for about 20-30 minutes. When he left, we saw him go next door and speak to our next-door neighbors. I immediately called my attorney, who instructed me that if, on future occasions law enforcement officers arrive at my home, that I was to first, call him. My attorney also instructed me that, unless the officers produce a warrant, I was not to allow them inside my home or speak to them about anything outside of his presence. Since that September 2015 day, when Trawick showed up at our home, I have followed my attorney's directions.

After it was discovered by my attorney that my mother's new address was restricted by ASORCNA's zones of exclusion long before MPD allowed me to move there, I had to leave the home and became homeless once again. During one of my homeless registration events during this bout of homelessness, Investigator Bolton interrogated me about what times I was present under my registered bridge. Bolton was extremely intimidating. He informed me that he had been to my bridge recently

and did not see me there. I provided Bolton with estimates as to when I usually arrived under my bridge. Bolton informed me that he would be coming by my registered bridge to check during the times I provided and stated, "You had better be there." I took Bolton's demands to mean that if I was not under my bridge when he checked, I would be arrested.

During the last week of August, 2017, I witnessed through the blinds in my front window, a Montgomery Police Officer named Jeremy Jones exiting his police vehicle in front of my residence. He walked up to the front of my home and knocked on my door. I immediately recognized Officer Jones because when I have presented at MPD for my weekly or quarterly registration events, he has provided me with forms and instructions many times. I did not answer my front door during the Jones' late-August appearance to my home. After knocking a few times, I witnessed officer Jones walk around the side of my home towards the gate that leads to the back yard.

A few moments later, I heard knocking on my back door. My back door is only accessible by entering the back gate into my back yard. I stood away from the door, but could see out through the blinds, which were positioned where no one can see inside. Officer Jones was knocking on my back door. I did not answer his knocks on my back door. Officer Jones then went to the window of my bedroom, which is only accessible through my back yard. He knocked very hard and multiple times on the glass of my bedroom window. I was frightened, but did not answer

3

Jones' knocks on my bedroom window. Jones left my residence after approximately ten minutes. I called and informed my attorney about what has just happened during Jones' arrival to my house.

A few days later, on September 1, 2017, my attorney informed me that Officer Jones was coming to my home and that he (my attorney) would be present upon his arrival. My attorney showed up along with two other people and officer Jones arrived shortly afterwards. Jones informed me that he was conducting a "home compliance check" and asked if I lived at my residence. I told him I did live there. Jones demanded that I produce mail or clothing inside the home to prove that I lived at the residence. I told him I did not have mail and, at the advice of my attorney, would not allow him to enter my home to show him my clothing inside. I did, however, walk into my front door and out my side door to show Jones that I lived there. Jones would not accept those gestures as proof I live at my home. Jones threatened to obtain a warrant, arrest me and take me to court because I could not prove to him that I lived at my residence. I was extremely fearful and intimidated by Jones, despite the presence of my lawyer and others.

I have never invited law enforcement to come to my home. I have never been shown a warrant by law enforcement when they have conducted questioning of me at my home. Each encounter with law enforcement at my home were unannounced,

intimidating and intrusive of my right to personal privacy and to be secure in my home.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Michael A. McGuire

[Notary Seal: PAULA J. JORDAN, NOTARY PUBLIC, ALABAMA STATE AT LARGE]

July 12 - 2018
Date

Paula J Jordan
Exp 6/24/2019

5