**Mitch McGuire**

EXHIBIT 8

**From:** Mitch McGuire
**Sent:** Friday, September 01, 2017 11:20 AM
**To:** 'kfehl@montgomeryal.gov'
**Cc:** Andrew M. Skier
**Subject:** MPD 4th Amendment/Harassment Violations

Dear Ms. Fehl,

This morning, I received a phone call from Corporal Jones of the Montgomery Police Department.

He informed me that he had been in communication with US Marshall's Service and that he personally went to the residence of my clients, Michael A. McGuire and Derion Shumpert.

Jones told me that on numerous occasions, they could "not make contact" with my clients during previous unannounced visits to their home. He also "asserted" that on a single occasion, some person (he did not know or have that person's name) said that she lived in the home and did not know my clients.

Corporal Jones first told me that my clients needed to come to the Police Department to speak to him to avoid a warrant being issued for their arrest. After asking the purpose of my clients coming to the department, he then asked if he could immediately come to the home where my clients live. I instructed Jones that he could come to the residence and, he did so.

When Jones arrived, Mr. McGuire, myself and others were present at the home. Corporal Jones asked Mr. McGuire if he lived there. Mr. McGuire affirmed that he did. Jones asked Mr. McGuire to produce a bill of his that came to the address or, allow him to enter the home so that he could see Mr. McGuire's personal clothing or other "proof" that he lives there. Jones was informed that Mr. McGuire does not receive mail there and refused to allow Jones to search his home for clothing. Jones stated, "Just because you are standing at a residence, does not prove you have established a residence and that you live there."

I asked Mr. Jones to provide the part of the Alabama Sex Offender Registration and Community Notification Act (ASORCNA) he was citing that allows him to, (1) show up unannounced to my clients residence; and, (2) gives MPD the right to demand documents and items proving that my clients receive mail or have personal items inside the home. Jones could only respond by saying, "the Community Notification Act requires sex offenders to prove their address." I informed Jones that the lessee of the property (the only other person residing at the home) would be there in less than 5 minutes and would confirm my clients' residency at the home. Jones stated, "What will that prove? That won't prove anything." Jones threatened that if Mr. McGuire did not provide him proof that he lived in his residence (other than being at the residence, going inside and coming back outside of the residence while Jones was there and having the lessee of the property confirm my clients' residency) he would have Mr. McGuire arrested because he "had all he needed for probable cause."

I have a full record of the initial phone call with Jones and the demands he made while at the residence of my clients.

This email serves as notice for MPD to cease and desist harassing my clients and making unlawful demands of them at their home. Jones actions constitute clear 4th Amendment violations. There is no provision of ASORCNA that grants MPD access to my clients' home, nor the right demand proof that they live there. My clients verify this information at each of their registration events, as required by law.

1

Please let me know if MPD plans to continue this policy and practice. Also, I am asking you to reach out to MPD and let them know that they have no basis, probable cause or any other cause, to arrest my clients. If MPD intends to arrest my client, please let me know so that I can file for a TRO in the Middle District of Alabama. Also, if MPD plans to arrest my clients, please have them notice me (their counsel), and I will gladly have them turn themselves in immediately.

Warmest regards,

J Mitch McGuire
Managing Partner
McGuire & Associates, LLC
31 Clayton Street
Montgomery, Alabama 36104
334-517-1000 Office
334-517-1327 Fax
jmcguire@mandabusinesslaw.com

2