**EXHIBIT 12**

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
Northern Division

JOHN DOE #1, *et al.*,

    *Plaintiffs,*

    v.

STEVE MARSHALL, in his
official capacity as Alabama Attorney
General, *et al.*,

    *Defendants.*

No. 2:15-cv-606-WKW-SRW

**AFFIDAVIT OF PETER WAGNER, J.D.**

My name is Peter Wagner, J.D. I declare under penalty of perjury that the information contained in this affidavit is true and correct.

I am an attorney and the Executive Director of the Prison Policy Initiative, a nonprofit research organization based in Easthampton, Massachusetts. The Prison Policy Initiative focuses on the geographic implications of criminal justice policy. I am known by this Court, having testified as an expert in *McGuire v. Strange*, 83 F. Supp. 3d. 1231 (M.D. Ala. Watkins, C.J.) (2015). I have also provided similar expert services in the following cases: *Doe v. Snyder* (U.S. Dist. Ct., E.D. Mich, 2:12-cv-11194-RHC-DRG); *Ryals v. Englewood* (U.S. Dist Ct., Colo., 12-cv-02178-RBJ); *Whitaker v. Perdue* (U.S. Dist. Ct., N.D. Georgia, 4:06-cv-00140-CC); *Chapdelaine et al. v. Kilmartin, et al.* (U.S. Dist Ct., D.R.I, 1:15-cv-00450); *Five Registered Sex Offenders v. the City of Lynn* (Mass. 2012).

I have been retained by the plaintiffs in this matter as a geographic expert to address and quantify the impact of the Alabama Sex Offender Registration and Community Notification Act (ASORCNA) (Ala. Code § 15-20A-1 *et seq*.), which prohibits registrants, pursuant to the statute, from establishing homes within 2,000 feet of schools, childcare facilities or resident day. (Ala. Code §§ 15-20A-11).

The purpose of this affidavit is a limited one—to provide geographic mapping information, similar to that which was provided by me in the *McGuire* matter, but for more discrete purposes:

1. To measure the distance between the Davis Elementary School at ▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓ and two addresses in the city of Montgomery:

    - an address (▓▓▓▓▓▓▓▓▓▓) where I was told a registrant was denied the ability to reside because the home was off-limits per ASORCNA's residential zones of exclusion, and;

    - a nearby address (▓▓▓▓▓▓▓▓▓▓▓) where I was told a registrant was allowed to move.

2. To measure the distance between an address (▓▓▓▓▓▓▓▓▓▓ Montgomery) where a registrant was allowed to live and ▓▓▓▓▓▓▓▓▓▓ which I was told was a daycare center registered with the Alabama Department of Human Resources and owned and operated by Latoya Boyd.

2

Using the same methods used in the *McGuire* matter, and using the same Geographic Information Systems software package called ArcView, I measured the distances as follows:

- Davis Elementary School to ▆▆▆▆▆▆▆▆ 750 feet
- Davis Elementary School to ▆▆▆▆▆▆▆▆▆: 1,228 feet
- ▆▆▆▆▆▆▆ to ▆▆▆▆▆▆▆: 1,668 feet.

A visual representation of the first two distances is in figure 1, and the third distance is in figure 2. All four of these distances are less than 2,000 feet and a consistent application of ASORCNA 2,000 feet residential exclusion zone would make all four addresses off limits for residence.



Figure 1.



Figure 2.

I declare under penalty of perjury that the forgoing is true and correct.

Respectfully submitted this, the 15st day of Jume, 2018.

Peter Wagner, J.D.

5