IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF ALABAMA

NORTHERN DIVISION


JOHN DOE #1, et al.,

    Plaintiffs,


vs.    CIVIL ACTION NO. 2:15-CV-606-WKW


LUTHER STRANGE, III, et al.,

    Defendants.


        *  *  *  *  *  *

DEPOSITION OF LEIGH PERSKY, taken pursuant to notice and stipulation on behalf of the Plaintiffs, at McGuire & Associates, 31 Clayton Street, Montgomery, Alabama, before Bridgette Mitchell, Shorthand Reporter and Notary Public in and for the State of Alabama at Large, on June 28, 2018, commencing at 3:00 p.m.

Page 2

1   APPEARANCES
2
3   FOR THE PLAINTIFFS:
    J. Mitch McGuire, Esquire
4   McGUIRE & ASSOCIATES
    31 Clayton Street
5   Montgomery, Alabama 36104
    334.517.1000
6   jmcguire@mandabusinesslaw.com
7
    FOR LUTHER STRANGE, STAN STABLER, and
8   JOHN RICHARDSON:
    Brad A. Chynoweth, Esquire
9   STATE OF ALABAMA OFFICE OF THE
    ATTORNEY GENERAL
10  501 Washington Avenue
    Montgomery, Alabama 36130
11  334.242.7997
    bchynoweth@ago.state.al.us
12
13
14  ALSO PRESENT:
    Paula Jordan
15  Brenton Smith
16
17
18
19
20
21
22
23

Page 3

1           STIPULATIONS
2       It is hereby stipulated and agreed
3   by and between counsel representing the
4   parties that the deposition of LEIGH
5   PERSKY is taken pursuant to the Federal
6   Rules of Civil Procedure and that said
7   deposition may be taken before Bridgette
8   Mitchell, Shorthand Reporter and Notary
9   Public in and for the State of Alabama at
10  Large, without the formality of a
11  commission; that objections to questions,
12  other than objections as to the form of
13  the questions, need not be made at this
14  time, but may be reserved for a ruling at
15  such time as the deposition may be
16  offered in evidence or used for any other
17  purpose as provided for by the Federal
18  Rules of Civil Procedure.
19      It is further stipulated and agreed
20  by and between counsel representing the
21  parties in this case that said deposition
22  may be introduced at the trial of this
23  case or used in any other manner by

Page 4

1   either party hereto provided for by the
2   Federal Rules of Civil Procedure.
3
4
5           INDEX
6
7   EXAMINATION                    Page
    By Mr. McGuire..................... 5
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

Page 5

1       COURT REPORTER: Usual
2   stipulations?
3       MR. McGUIRE: Yes.
4       MR. CHYNOWETH: Yes.
5       LEIGH PERSKY, having first been
6   duly sworn or affirmed to speak the
7   truth, the whole truth, and nothing but
8   the truth, testified as follows:
9           EXAMINATION
10  BY MR. McGUIRE:
11  Q. Good afternoon.
12  A. Hello.
13  Q. Will you state your name for the record.
14  A. Lieutenant Leigh Persky.
15  Q. And Lieutenant Persky, can you tell me
16      where you are currently employed?
17  A. Montgomery County Sheriff's Office,
18      Montgomery, Alabama.
19  Q. And can you describe to the Court what
20      your duties are at the Montgomery County
21      Sheriff's Office?
22  A. I -- multifaceted. I work approvals of
23      liquor licenses, I work sex offender

Page 6

1   compliance, I work internal affairs, and
2   I work preemployment investigations.
3   Q. Okay. Lieutenant Persky, I'm going to
4   try to limit my questions to sex offender
5   compliance today. And if there are
6   questions that you don't understand, you
7   need me to repeat, I'll be happy to do
8   so. And so I'll just ask you, with
9   regard to sex offender compliance, do you
10  encounter registrants of the Alabama Sex
11  Offender Community -- Alabama Sex
12  Offender Registration and Community
13  Notification Act?
14  A. I do.
15  Q. Okay. I'm going to refer to that statute
16  going forward as ASORCNA.
17  A. Okay.
18  Q. It's just the acronym for the statute.
19  And as you know it, does ASORCNA detail
20  the provisions that registrants of the
21  statute are required to follow in order
22  to stay compliant as registrants and
23  members of the community?

Page 7

1   A. Yes. Just make sure I'm answering your
2   question. Are you asking me does the law
3   require them to do certain things in
4   order to be registered?
5   Q. Yes.
6   A. Yes.
7   Q. And does the law also detail the
8   provisions as you know them that you are
9   required to enforce?
10  A. I'm not sure I understand that.
11  Q. Do the provisions of ASORCNA entail the
12  parts of the law, the parts of the
13  statute, that you as the lieutenant
14  responsible for sex offender compliance
15  enforce on a daily basis?
16  A. I'm going to make sure I understand your
17  question again. Are you asking me does
18  the law say I have to go out on Monday,
19  Wednesday, and Friday or does it spell
20  out how I enforce that law?
21  Q. Yes. Does it spell out how you enforce
22  the law?
23  A. Not to my knowledge, no.

Page 8

1   Q. Okay. So I want to talk to you
2   specifically, Lieutenant Persky, about
3   Alabama Code Section 15-20A-11. And
4   those are, Lieutenant Persky, the
5   residency restrictions of ASORCNA. Are
6   you familiar with those?
7   A. Yes.
8   Q. Are you aware that those restrictions
9   under Section 15-20A-11 prevent many, if
10  not most, registered sex offenders under
11  ASORCNA from living within 2,000 feet of
12  schools, daycares, or otherwise childcare
13  facilities?
14  A. Yes.
15  Q. Now, those registrants, Lieutenant
16  Persky, have the ability to come into law
17  enforcement to get a determination of
18  whether a prospective residence that they
19  want to live in is compliant, do they
20  not?
21  A. They do.
22  Q. Okay. Does the Montgomery County
23  Sheriff's Office use a tool that allows

Page 9

1   you to determine whether a proposed
2   residence of a registrant is compliant or
3   not?
4   A. We do now, yes.
5   Q. Okay. And when you say "we do now," what
6   do you mean?
7   A. Well, I guess that's kind of a misleading
8   answer to your question, because we did
9   have something before, but it wasn't very
10  accurate and it wasn't up to date, and
11  that was Offender Watch. So we would use
12  that and we found that it wasn't very
13  reliable, so the city had a mapping
14  system where -- I'm not a hundred percent
15  sure how it worked, but they could, if I
16  understood it correctly, basically draw a
17  line on a map on a computer, on a map
18  from the property line of the proposed
19  residence to the property line of a
20  school or daycare, whatever, and
21  determine whether or not -- it would
22  measure it, and they could determine
23  whether it was within the law as far as

Page 10

1   compliance.
2   Q. Okay. Thank you, Lieutenant Persky. Do
3   you know the name of -- when you say "the
4   city," do you mean the Montgomery Alabama
5   Police Department?
6   A. I do. I'm sorry.
7   Q. Okay. And do you know the name of the
8   system or tool that they use to map the
9   property line to property line distances?
10  A. I believe it's called the GIS Mapping
11  Service, which is what I asked our -- the
12  guy who's over our IT department at
13  Montgomery County is also now over the IT
14  department at the city, so I asked for
15  approval from the sheriff to get access
16  to that, or to request access to that.
17  He approved it. I did get -- request
18  access from our IT guy, and he approved
19  it; and so now within the last month or
20  two, we have access to that same system.
21  Q. So prior --
22  A. I have access to that same system.
23  Q. Okay. Prior to a month or two ago before

Page 11

1   you got access to this GIS Mapping System
2   that the city has, you didn't have it, I
3   assume; correct?
4   A. I did not.
5   Q. Okay. And you testified to the Court
6   that Offender Watch, one of the tools
7   that you used, wasn't very reliable;
8   correct?
9   A. Right. I mean, that was -- that was a
10  court ruling.
11  Q. So primarily how did you -- how did you
12  become aware prior to a couple months
13  since having the new GIS Mapping Service,
14  how did you confirm that a registrant --
15  that a registrant's proposed or current
16  address was indeed compliant or
17  noncompliant per ASORCNA?
18  A. Okay. So this has been some time ago. I
19  presented a case, went through with
20  prosecution, and I used the Offender
21  Watch as evidence, as part of the
22  evidence, to prosecute the case, and
23  Judge Price in the Fifteenth Judicial

Page 12

1   Circuit for the State of Alabama said
2   that wasn't reliable enough evidence and
3   would not consider it. So then I found
4   out that the City of Montgomery had this
5   other mapping system, and I began
6   referring sex offenders who lived within
7   the city limits of the city of Montgomery
8   to the city for approval, and that if the
9   city approved it, then we would approve
10  it.
11  Q. Okay.
12  A. And that's -- that's kind of a brief
13  history of how I would do -- do the
14  compliance.
15  Q. So would it be fair, Lieutenant Persky,
16  for me to characterize your prior
17  testimony as this: prior to a couple
18  months ago when you obtained the GIS
19  Mapping Services, as you described it,
20  that registrants who came to you with a
21  proposed address wanting to know whether
22  or not that address was compliant with
23  ASORCNA, you referred those individuals

Page 13

1   to the City of Montgomery Police
2   Department for accuracy. Am I correct?
3   A. Yes. If they would call, I would give
4   them the phone number. If they came to
5   my office, I would call the police
6   department for them.
7   Q. Okay. And so the police department would
8   use their mapping system to determine
9   whether that proposed registrant --
10  proposed residence was in a compliant
11  area; and if the city provided you
12  information that it was, then that
13  registrant would then be allowed to live
14  in that address; correct?
15  A. Correct.
16  Q. And if the city provided information
17  based on their mapping system that the
18  resident -- residence was not compliant,
19  then you would not allow those
20  registrants to live at that address;
21  correct?
22  A. That's correct.
23  Q. Okay. Really briefly, Lieutenant Persky,

Page 14

1  I want to show you -- Lieutenant Persky,
2  you recall giving testimony in a case
3  called McGuire v. Strange back in 2014?
4  A. I do.
5  Q. I want to have you recall generally if
6  you remember giving testimony to this
7  effect: Allowing registrants to be
8  around a school during the daytime hours
9  when school is in but disallowing
10  registrants to sleep in a house at night
11  right across the street from that same
12  school when school is out is odd. Do you
13  recall giving that testimony?
14  A. I do. I recall remembering -- I remember
15  thinking that that was -- speaking in
16  generalities, that that was just an odd
17  situation that didn't make any sense.
18  Q. Do you still feel, Lieutenant Persky, as
19  the officer for the Montgomery County
20  Sheriff's Department in charge of the sex
21  offender compliance unit, that -- well,
22  how do you feel about that scenario that
23  I just gave you as the lieutenant of the

Page 15

1  sex offender compliance unit in
2  Montgomery County?
3     MR. CHYNOWETH: Object to the
4  form.
5  Q. You may answer.
6  A. My personal feeling, which really has
7  no -- I guess no matter, but personal
8  feeling is that it's still odd. My
9  professional response to that would be
10  it's the law so I have to enforce the
11  law. It just doesn't make any sense to
12  me. I just want to separate -- there's a
13  difference between what my personal and
14  what my professional -- professionally, I
15  don't really have an opinion.
16  Q. Right.
17  A. Personally, I just think it's odd. It
18  doesn't make any sense to me. It's just
19  not common sense to me.
20  Q. Understanding the distinction between
21  your personal and your professional
22  opinions, does it make any sense to you
23  personally or professionally?

Page 16

1     MR. CHYNOWETH: Object to the
2  form.
3  Q. You may answer.
4  A. Neither way makes any sense. No. I
5  mean, if one doesn't make sense, the
6  other can't make sense.
7  Q. Okay. And, again, we're talking about
8  the provisions of 15-20A-11 and
9  specifically the residency restrictions;
10  correct?
11  A. Specifically to your -- I'm answering
12  about your question about the -- a guy
13  can walk by a school during the day but
14  he can't sleep across the street in a
15  house from it at night. That's what I'm
16  speaking of.
17  Q. Lieutenant Persky, I want to talk to you
18  about a registrant. And if I need you to
19  assume some facts, I'm going to ask you
20  to assume a few facts. I want you to
21  assume that there's a registrant by the
22  name James E. Buycks, B-U-Y-C-K-S. Are
23  you familiar with that registrant?

Page 17

1  A. I know the -- I remember the name. I
2  have several hundred registrants, so I
3  remember their faces and not necessarily
4  their names. If I remember their names,
5  I don't remember the face.
6  Q. Sure.
7  A. If that makes any sense.
8  Q. Well, there are a couple representations
9  that I want to make to you about James E.
10  Buycks. First of all, on information and
11  belief, we believe that James E. Buycks
12  lived at a residence at ▓▓▓▓▓▓▓▓
13  ▓▓▓▓▓ in Montgomery, Alabama. On our
14  information and belief, ▓▓▓▓▓▓▓▓
15  ▓▓▓▓▓ is prohibited by ASORCNA's
16  residency zones of exclusion because it
17  is too close to the school Edward T.
18  Davis Elementary School located on Rosa
19  Parks Avenue. It is further our
20  information and belief that Mr. Buycks
21  was grandfathered into his ▓▓▓▓▓▓
22  ▓▓▓▓▓▓▓▓ residence because his crime
23  was committed before the enactment of

Page 18

1    ASORCNA. Would you accept those
2    representations?
3    A. Yes. But I would assume that he lived at
4    that home before -- after his conviction
5    and before the law was enacted.
6    Q. You may assume that. That is true.
7    A. Okay.
8    Q. Okay. Now, do you have that part of the
9    scenario in hand?
10   A. I do.
11   Q. Okay. In November of 2017, Mr. Buycks
12   was allowed by the Montgomery Police
13   Department to move two doors down, from
14   ▮▮▮▮▮▮▮▮ to ▮▮▮▮▮▮▮▮ I'd
15   like to represent to you ▮▮▮▮▮▮▮▮
16   is excluded based on ASORCNA's zones of
17   exclusion from the same school, Edward T.
18   Davis Elementary. And, in fact, it is
19   closer to Edward T. Davis Elementary than
20   was his grandfathered address. Based on
21   your understanding of the statute, should
22   the Montgomery Police Department have
23   allowed Mr. Buycks to move to that

Page 19

1    address?
2    A. No.
3    Q. Why not?
4    A. Because it's in violation of the law and
5    that address wasn't grandfathered.
6    Q. Lieutenant Persky, at this time, we don't
7    have any further questions.
8        MR. McGUIRE: Pass the witness.
9        MR. CHYNOWETH: I do not have any
10   questions.
11
12       (The deposition of Leigh Persky
13       concluded at 3:15 p.m., on
14       June 28, 2018.)

Page 20

REPORTER'S CERTIFICATE

STATE OF ALABAMA  )
                  )
ELMORE COUNTY     )

I do hereby certify that the above and foregoing transcript was taken down by me in stenotype, and the questions and answers thereto were transcribed by means of computer-aided transcription, and that the foregoing represents a true and correct transcript of the testimony given by said witness.

I further certify that I am neither of counsel, nor any relation to the parties to the action, nor am I anywise interested in the result of said cause.

I further certify that I am duly licensed by the Alabama Board of Court Reporting as a Certified Court Reporter as evidenced by the ACCR number following my name below.

Bridgette Mitchell
Certified Court Reporter and
Commissioner for the State of
Alabama at Large
ACCR No. 231 - Expires 9/30/18
MY COMMISSION EXPIRES 12/15/21

**A**

ability
  8:16
accept
  18:1
access
  10:15,16,18,20,22
    11:1
ACCR
  20:16,21
accuracy
  13:2
accurate
  9:10
acronym
  6:18
Act
  6:13
action
  1:9 20:12
address
  11:16 12:21,22 13:14
    13:20 18:20 19:1,5
affairs
  6:1
affirmed
  5:6
afternoon
  5:11
ago
  10:23 11:18 12:18
agreed
  3:2,19
al
  1:6,11
Alabama
  1:2,19,21 2:5,9,10 3:9
    5:18 6:10,11 8:3
    10:4 12:1 17:13 20:2
    20:15,21
allow
  13:19
allowed
  13:13 18:12,23
Allowing
  14:7

allows
  8:23
answer
  9:8 15:5 16:3
answering
  7:1 16:11
answers
  20:7
anywise
  20:12
APPEARANCES
  2:1
approval
  10:15 12:8
approvals
  5:22
approve
  12:9
approved
  10:17,18 12:9
area
  13:11
asked
  10:11,14
asking
  7:2,17
ASORCNA
  6:16,19 7:11 8:5,11
    11:17 12:23 18:1
ASORCNA's
  17:15 18:16
Associates
  1:18 2:4
assume
  11:3 16:19,20,21 18:3
    18:6
ATTORNEY
  2:9
  ~~~~~~~~~~
  2:10 17:13,15,19,22
aware
  8:8 11:12

**B**

B-U-Y-C-K-S
  16:22

back
  14:3
based
  13:17 18:16,20
basically
  9:16
basis
  7:15
bchynoweth@ago.st...
  2:11
began
  12:5
behalf
  1:17
belief
  17:11,14,20
believe
  10:10 17:11
Board
  20:15
Brad
  2:8
Brenton
  2:15
Bridgette
  1:19 3:7 20:19
brief
  12:12
briefly
  13:23
Buycks
  16:22 17:10,11,20
    18:11,23

**C**

call
  13:3,5
called
  10:10 14:3
case
  3:21,23 11:19,22 14:2
cause
  20:12
certain
  7:3
CERTIFICATE

back
  20:1
Certified
  20:15,20
certify
  20:6,11,14
characterize
  12:16
charge
  14:20
childcare
  8:12
Chynoweth
  2:8 5:4 15:3 16:1 19:9
Circuit
  12:1
city
  9:13 10:4,14 11:2 12:4
    12:7,7,8,9 13:1,11,16
Civil
  1:9 3:6,18 4:2
Clayton
  1:18 2:4
close
  17:17
closer
  18:19
Code
  8:3
come
  8:16
commencing
  1:22
commission
  3:11 20:22
Commissioner
  20:20
committed
  17:23
common
  15:19
community
  6:11,12,23
compliance
  6:1,5,9 7:14 10:1
    12:14 14:21 15:1
compliant

6:22 8:19 9:2 11:16
  12:22 13:10,18
computer
  9:17
computer-aided
  20:8
concluded
  19:13
confirm
  11:14
consider
  12:3
conviction
  18:4
correct
  11:3,8 13:2,14,15,21
  13:22 16:10 20:9
correctly
  9:16
counsel
  3:3,20 20:11
County
  5:17,20 8:22 10:13
  14:19 15:2 20:3
couple
  11:12 12:17 17:8
court
  1:1 5:1,19 11:5,10
  20:15,15,20
crime
  17:22
current
  11:15
currently
  5:16

            D
daily
  7:15
date
  9:10
Davis
  17:18 18:18,19
day
  16:13
daycare

9:20
daycares
  8:12
daytime
  14:8
Defendants
  1:12
████████
  17:12,14,22 18:14,14
  18:15
department
  10:5,12,14 13:2,6,7
  14:20 18:13,22
deposition
  1:15 3:4,7,15,21 19:12
describe
  5:19
described
  12:19
detail
  6:19 7:7
determination
  8:17
determine
  9:1,21,22 13:8
difference
  15:13
disallowing
  14:9
distances
  10:9
distinction
  15:20
DISTRICT
  1:1,2
DIVISION
  1:3
DOE
  1:6
doors
  18:13
draw
  9:16
duly
  5:6 20:14
duties

5:20

            E
E
  16:22 17:9,11
Edward
  17:17 18:17,19
effect
  14:7
either
  4:1
Elementary
  17:18 18:18,19
ELMORE
  20:3
employed
  5:16
enacted
  18:5
enactment
  17:23
encounter
  6:10
enforce
  7:9,15,20,21 15:10
enforcement
  8:17
entail
  7:11
Esquire
  2:3,8
et
  1:6,11
evidence
  3:16 11:21,22 12:2
evidenced
  20:16
EXAMINATION
  4:7 5:9
excluded
  18:16
exclusion
  17:16 18:17
Expires
  20:21,22

            F
face
  17:5
faces
  17:3
facilities
  8:13
fact
  18:18
facts
  16:19,20
fair
  12:15
familiar
  8:6 16:23
far
  9:23
Federal
  3:5,17 4:2
feel
  14:18,22
feeling
  15:6,8
feet
  8:11
Fifteenth
  11:23
first
  5:5 17:10
follow
  6:21
following
  20:16
follows
  5:8
foregoing
  20:6,8
form
  3:12 15:4 16:2
formality
  3:10
forward
  6:16
found
  9:12 12:3
Friday

7:19
further
  3:19 17:19 19:7 20:11
  20:14

### G

GENERAL
  2:9
generalities
  14:16
generally
  14:5
GIS
  10:10 11:1,13 12:18
give
  13:3
given
  20:9
giving
  14:2,6,13
go
  7:18
going
  6:3,15,16 7:16 16:19
Good
  5:11
grandfathered
  17:21 18:20 19:5
guess
  9:7 15:7
guy
  10:12,18 16:12

### H

hand
  18:9
happy
  6:7
Hello
  5:12
hereto
  4:1
history
  12:13
home
  18:4

hours
  14:8
house
  14:10 16:15
hundred
  9:14 17:2

### I

III
  1:11
INDEX
  4:5
individuals
  12:23
information
  13:12,16 17:10,14,20
interested
  20:12
internal
  6:1
introduced
  3:22
investigations
  6:2

### J

J
  2:3
James
  16:22 17:9,11
jmcguire@mandab...
  2:6
JOHN
  1:6 2:8
Jordan
  2:14
Judge
  11:23
Judicial
  11:23
June
  1:22 19:14

### K

kind
  9:7 12:12

know
  6:19 7:8 10:3,7 12:21
  17:1
knowledge
  7:23

### L

Large
  1:22 3:10 20:21
law
  7:2,7,12,18,20,22 8:16
  9:23 15:10,11 18:5
  19:4
Leigh
  1:15 3:4 5:5,14 19:12
licensed
  20:15
licenses
  5:23
lieutenant
  5:14,15 6:3 7:13 8:2,4
  8:15 10:2 12:15
  13:23 14:1,18,23
  16:17 19:6
limit
  6:4
limits
  12:7
line
  9:17,18,19 10:9,9
liquor
  5:23
live
  8:19 13:13,20
lived
  12:6 17:12 18:3
living
  8:11
located
  17:18
LUTHER
  1:11 2:7

### M

manner
  3:23

map
  9:17,17 10:8
mapping
  9:13 10:10 11:1,13
  12:5,19 13:8,17
matter
  15:7
McGuire
  1:17 2:3,4 4:7 5:3,10
  14:3 19:8
mean
  9:6 10:4 11:9 16:5
means
  20:7
measure
  9:22
members
  6:23
MIDDLE
  1:2
misleading
  9:7
Mitch
  2:3
Mitchell
  1:20 3:8 20:19
Monday
  7:18
Montgomery
  1:19 2:5,10 5:17,18,20
  8:22 10:4,13 12:4,7
  13:1 14:19 15:2
  17:13 18:12,22
month
  10:19,23
months
  11:12 12:18
move
  18:13,23
multifaceted
  5:22

### N

name
  5:13 10:3,7 16:22 17:1
  20:16

names
 17:4,4
necessarily
 17:3
need
 3:13 6:7 16:18
neither
 16:4 20:11
new
 11:13
night
 14:10 16:15
noncompliant
 11:17
NORTHERN
 1:3
Notary
 1:20 3:8
notice
 1:16
Notification
 6:13
November
 18:11
number
 13:4 20:16

**O**

Object
 15:3 16:1
objections
 3:11,12
obtained
 12:18
odd
 14:12,16 15:8,17
offender
 5:23 6:4,9,11,12 7:14
 9:11 11:6,20 14:21
 15:1
offenders
 8:10 12:6
offered
 3:16
office
 2:9 5:17,21 8:23 13:5

officer
 14:19
Okay
 6:3,15,17 8:1,22 9:5
 10:2,7,23 11:5,18
 12:11 13:7,23 16:7
 18:7,8,11
opinion
 15:15
opinions
 15:22
order
 6:21 7:4

**P**

p.m
 1:23 19:13
Page
 4:7
Parks
 17:19
part
 11:21 18:8
parties
 3:4,21 20:12
parts
 7:12,12
party
 4:1
Pass
 19:8
Paula
 2:14
percent
 9:14
Persky
 1:15 3:5 5:5,14,15 6:3
 8:2,4,16 10:2 12:15
 13:23 14:1,18 16:17
 19:6,12
personal
 15:6,7,13,21
personally
 15:17,23
phone
 13:4

Plaintiffs
 1:7,17 2:3
police
 10:5 13:1,5,7 18:12,22
preemployment
 6:2
PRESENT
 2:14
presented
 11:19
prevent
 8:9
Price
 11:23
primarily
 11:11
prior
 10:21,23 11:12 12:16
 12:17
Procedure
 3:6,18 4:2
professional
 15:9,14,21
professionally
 15:14,23
prohibited
 17:15
property
 9:18,19 10:9,9
proposed
 9:1,18 11:15 12:21
 13:9,10
prosecute
 11:22
prosecution
 11:20
prospective
 8:18
provided
 3:17 4:1 13:11,16
provisions
 6:20 7:8,11 16:8
Public
 1:21 3:9
purpose
 3:17

pursuant
 1:16 3:5

**Q**

question
 7:2,17 9:8 16:12
questions
 3:11,13 6:4,6 19:7,10
 20:7

**R**

really
 13:23 15:6,15
recall
 14:2,5,13,14
record
 5:13
refer
 6:15
referred
 12:23
referring
 12:6
regard
 6:9
registered
 7:4 8:10
registrant
 9:2 11:14 13:9,13
 16:18,21,23
registrant's
 11:15
registrants
 6:10,20,22 8:15 12:20
 13:20 14:7,10 17:2
Registration
 6:12
relation
 20:11
reliable
 9:13 11:7 12:2
remember
 14:6,14 17:1,3,4,5
remembering
 14:14
repeat

6:7
**Reporter**
1:20 3:8 5:1 20:15,20
**REPORTER'S**
20:1
**Reporting**
20:15
represent
18:15
representations
17:8 18:2
representing
3:3,20
represents
20:8
request
10:16,17
require
7:3
required
6:21 7:9
reserved
3:14
residence
8:18 9:2,19 13:10,18
    17:12,22
residency
8:5 16:9 17:16
resident
13:18
response
15:9
responsible
7:14
restrictions
8:5,8 16:9
result
20:12
**RICHARDSON**
2:8
right
11:9 14:11 15:16
Rosa
17:18
**Rules**
3:6,18 4:2

ruling
3:14 11:10

——— S ———

scenario
14:22 18:9
school
9:20 14:8,9,12,12
    16:13 17:17,18 18:17
schools
8:12
**Section**
8:3,9
sense
14:17 15:11,18,19,22
    16:4,5,6 17:7
separate
15:12
**Service**
10:11 11:13
**Services**
12:19
sex
5:23 6:4,9,10,11 7:14
    8:10 12:6 14:20 15:1
sheriff
10:15
**Sheriff's**
5:17,21 8:23 14:20
**Shorthand**
1:20 3:8
show
14:1
situation
14:17
sleep
14:10 16:14
**Smith**
2:15
sorry
10:6
speak
5:6
speaking
14:15 16:16
specifically

8:2 16:9,11
spell
7:19,21
**STABLER**
2:7
**STAN**
2:7
state
1:21 2:9 3:9 5:13 12:1
    20:2,20
**STATES**
1:1
statute
6:15,18,21 7:13 18:21
stay
6:22
stenotype
20:7
stipulated
3:2,19
stipulation
1:16
stipulations
3:1 5:2
**Strange**
1:11 2:7 14:3
street
1:18 2:4 14:11 16:14
sure
7:1,10,16 9:15 17:6
sworn
5:6
system
9:14 10:8,20,22 11:1
    12:5 13:8,17

——— T ———

T
17:17 18:17,19
taken
1:15 3:5,7 20:6
talk
8:1 16:17
talking
16:7
tell

5:15
testified
5:8 11:5
testimony
12:17 14:2,6,13 20:9
**Thank**
10:2
thereto
20:7
things
7:3
think
15:17
thinking
14:15
time
3:14,15 11:18 19:6
today
6:5
tool
8:23 10:8
tools
11:6
transcribed
20:7
transcript
20:6,9
transcription
20:8
trial
3:22
true
18:6 20:8
truth
5:7,7,8
try
6:4
two
10:20,23 18:13

——— U ———

understand
6:6 7:10,16
understanding
15:20 18:21
understood

| | | |
|---|---|---|
| understood<br>  9:16<br>unit<br>  14:21 15:1<br>UNITED<br>  1:1<br>use<br>  8:23 9:11 10:8 13:8<br>Usual<br>  5:1<br><br>--- V ---<br>v<br>  14:3<br>violation<br>  19:4<br>vs<br>  1:9<br><br>--- W ---<br>walk<br>  16:13<br>want<br>  8:1,19 14:1,5 15:12<br>  16:17,20 17:9<br>wanting<br>  12:21<br>Washington<br>  2:10<br>wasn't<br>  9:9,10,12 11:7 12:2<br>  19:5<br>Watch<br>  9:11 11:6,21<br>way<br>  16:4<br>we're<br>  16:7<br>Wednesday<br>  7:19<br>went<br>  11:19<br>▇<br>  17:12,14,21 18:14,14<br>  18:15<br>witness | 19:8 20:9<br>work<br>  5:22,23 6:1,2<br>worked<br>  9:15<br><br>--- X ---<br><br>--- Y ---<br><br>--- Z ---<br>zones<br>  17:16 18:16<br><br>--- 0 ---<br><br>--- 1 ---<br>1<br>  1:6<br>▇<br>  17:12,14,21 18:14<br>12/15/21<br>  20:22<br>15-20A-11<br>  8:3,9 16:8<br>▇<br>  18:14,15<br><br>--- 2 ---<br>2,000<br>  8:11<br>2:15-CV-606-WKW<br>  1:9<br>2014<br>  14:3<br>2017<br>  18:11<br>2018<br>  1:22 19:14<br>231<br>  20:21<br>28<br>  1:22 19:14<br><br>--- 3 ---<br>3:00<br>  1:23 | 3:15<br>  19:13<br>31<br>  1:18 2:4<br>334.242.7997<br>  2:11<br>334.517.1000<br>  2:5<br>36104<br>  2:5<br>36130<br>  2:10<br><br>--- 4 ---<br><br>--- 5 ---<br>5<br>  4:7<br>501<br>  2:10<br><br>--- 6 ---<br><br>--- 7 ---<br><br>--- 8 ---<br><br>--- 9 ---<br>9/30/18<br>  20:21 | |