UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

EXHIBIT 2

JOHN DOE #1, on behalf of himself and )
others similarly situated,             )
                                       )
       Plaintiff,                      )
                                       )
v.                                     )   Case. No. 2:15-cv-606 WKW
                                       )
LUTHER STRANGE, et al.                 )
                                       )
       Defendants                      )

## DECLARATION OF R. KARL HANSON

I, R. Karl Hanson, declare as follows:

1. This supplementary declaration should be read in conjunction with my declaration signed July 15, 2016.

2. For a summary of my qualifications as an expert in this area, please see paragraphs 3-7 and Exhibit 1 (my c.v.) of my July 15, 2016 declaration.

3. The purpose of this declaration is address the question of the extent to which individuals convicted of a sexual offense against an adult are at risk for committing a subsequent sexual offense against a child. This is unlikely. Most sexual offenders specialize in the age of their victims and cross-over to significantly older or significantly younger victims is rare.

4. In a study of 6,097 sexual offenders examined over 32 years (1963 – 1994) in the United Kingdom, Soothill and colleagues[1] found strong evidence that if sexual offenders were to be reconvicted with another sexual offense, it would be the same type of sexual offense. Their conclusion was that "sex offenders are much more specialized in their sexual offending behaviour than perhaps has been hitherto thought."[2] This study did not directly provide a proportion of sexual offenders against adults who go on to become sexual offenders against children because the study only considered the consistency in the names of repeated sexual offenses, some of the sexual offence categories could include both adult and child victims (e.g., indecent against a female).

---

[1] Soothill, K., Francis, B., Sanderson, B., & Ackerley, E. (2000). Sex offenders: Specialists, generalists – or both? *British Journal Of Criminology, 40,* 56-67.
[2] Ibid. at page 65.

1

5. A more recent study by Howard and colleagues[3] directly examined the rate at which sexual offenders against adults reoffend with a sexual offense against a child. The rate was very low. The study examined the official criminal histories of 14,804 sexual offenders in the UK. On average, follow-up time was just over three years (37 months). The overall rate of sexual reconviction was 3.5% (520 out of 14,804) and the rate of new sexual offenses against a child was 1.5% (221 out of 14,804). The sample was divided into four groups: a) contact sexual offenders against children, b) offenders who committed crimes related to indecent images (mostly electronic sexual abuse images of children), c) offenders who committed contact sexual offenses against adults, and d) offenders who committed miscellaneous non-contact offenses and paraphilias (e.g., voyeurism, exhibitionism). Among the contact offenders against adults, the rate of recidivism for a sexual offense against a child was 0.50% (22 out of 4,390). In other words, only one of 200 sexual offenders against adult reoffended with a sexual offense against a child. In contrast, the rate of new sexual offenses against children was 2.1% (185 out of 8,604) for offenders with a history of child sexual offenses (contact or sexual abuse images). Although both rates were low due to the short follow-up period and strict definition of recidivism (proven offending), the rate of recidivism sexual offenses against a child for those with no prior history of child sexual offenses was only a quarter of the rate observed for offenders with a history of child sexual offenses.

6. The above results indicate that not all sexual offenders as equally at risk for sexual offending against children. Just as there are strong differences in the likelihood of any sexual recidivism based on factors such as young age, prior sexual offences, and a history of violence[4], there are also strong, predictable differences in risk for sexual offending against children. Those most at risk for sexually offending against children are those, not surprisingly, with a history of sexually offending against children. Cross-over from adult victims to child victims is rare. Consequently, when all sexual offenders are subject to policies and practices designed to minimize the risk of sexual victimization of children the public will be wasting resources on a significant number of people who pose no real risk to children. Public safety could be improved more effectively by focussing our attention and resources to high risk sexual offenders, prevention of at-risk populations, or police work directed towards detecting previously undetected sexual offenders.

---

[3] Howard, P. D., Barnett, G., & Mann, R. E. (2014). Specialization in and within sexual offending in England and Wales. *Sexual Abuse: A Journal of Research and Treatment, 26,* 225-251.
[4] Hanson, R. K., & Bussière, M. T. (1998). Predicting relapse: A meta-analysis of sexual offender recidivism studies. *Journal of Consulting and Clinical Psychology, 66*(2), 348-362.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
R. Karl Hanson, Ph.D., C.Psych

Dated: August 14, 2016